■ In the Matter of RITA J. MOOERS, Appellant, v ROBERT MOOERS, Respondent. — Appeal from an order of the Family Court of Ulster County (Elwyn, J.), entered October 3, 1983, which, *inter alia,* denied petitioner's application for a change of custody of one of the parties' children and an increase in child support.

Petitioner claims that Family Court erred by failing to grant her demanded upward modification of child support on the basis of an unforeseen change of circumstances (see *Matter of Boden v Boden,* 42 NY2d 210). The parties divorced in September, 1977 and the terms of a separation agreement entered into in 1974 were incorporated but not merged into the divorce judgment. The agreement awarded custody of the parties' two children to petitioner and set respondent's child support obligation at $35 per week per child. In 1978, based upon a stipulation between the parties, Family Court awarded respondent custody of the older son and reduced his obligation for child support to $35 a week. In February, 1983, on his own volition, the older child abandoned respondent's household and once again took up residence with petitioner. Alleging that the child's return to her home was an unforeseen change of circumstances, petitioner petitioned for a change in custody of the child and an increase in child support to $150 a week.

Since petitioner alleges a mere change in circumstances as a basis for increased support, this proceeding is one to readjust the respective obligations of the parties (see *Matter of Brescia v Fitts,* 56 NY2d 132). No issue being raised that the agreement between the parties was unfair and inequitable when entered into, petitioner must show that an unanticipated and unreasonable change in circumstances has occurred (*id.,* at p 138).

The original agreement between the parties required respondent to pay $70 per week in support for the two children when they lived with petitioner. While the older child was residing with the father, respondent's support obligation to petitioner was halved to $35 per week. That child's return to petitioner's home restored the parties' physical custody circumstances to what existed at the time of the original agreement. Thus, Family Court found it proper that respondent resume paying his original child support obligation of $70 per week for both children. We concur in that result. We note that in June, 1983, respondent stipulated to paying total weekly support of $75 for the two children which was incorporated into the order. Family Court noted that its decision was without prejudice to a future petition on behalf of the children should they have unmet needs (*Matter of Brescia v Fitts, supra*).

Finally, while recognizing the practicality of reposing *de facto* custody of the oldest son with petitioner, Family Court declined to award her legal custody and denied that portion of her petition. On this record, we cannot say that the Family Court's custody decision derogated the best interests of the child and we decline to disturb it (see *Friederwitzer v Friederwitzer,* 55 NY2d 89, 93-95).

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.