■ In the Matter of TONI A. MAGLIOCCA, Appellant, v FRANCESCO MAGLIOCCA, Also Known as FRANK MAGLIOCCA, Respondent.—In a support proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law article 3-A), the petitioner appeals from an order of the Family Court, Dutchess County (Bernhard, J.), entered June 16, 1988, which overruled her objections to an order of the same court (Gilbert, H. E.), dated March 9, 1988, directing the respondent to pay $20 per week for the support of the infant.

Ordered that the order entered June 16, 1988, is modified, on the facts, by granting the petitioner's objections to the extent that the respondent's support obligation is increased from $20 per week to $35 per week; as so modified, the order is affirmed, with costs to the petitioner.

The parties were married on May 26, 1973. The parties had one child, Toni Ann, who was born on January 23, 1975. They divorced on November 24, 1980. The judgment of divorce incorporated the parties' separation agreement, which was entered into on January 27, 1979. That agreement provided that the petitioner would have custody of the parties' daughter, that the petitioner could reside anywhere in the continen-

tal United States, and that the respondent would pay the petitioner the sum of $35 per week in child support.

In 1981 the petitioner married a German man and she and the parties' daughter moved to Germany. The respondent ceased paying child support in December of 1981. Since that time the petitioner and her current husband have had two girls, whose ages at the time of the hearing were 2 and 4. The respondent has also remarried, and he and his wife have had two children, whose ages were 5 and 1½ at the time of the hearing. The respondent also adopted his current wife's nine-year-old son.

The petitioner commenced this support proceeding in the Local Court of the County of Heidelberg, in the State of Baden-Württemberg, Federal Republic of Germany, pursuant to the Reciprocal Enforcement of Support Act. The matter was transferred to the Family Court, Dutchess County, in whose jurisdiction the respondent lives, and the County Attorney pursued this proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A).

In affirming the Hearing Examiner's order, the Family Court Judge alluded to the petitioner's violation of the parties' separation agreement. However, the petitioner was not attempting to enforce the separation agreement. Rather, she was seeking to assert the child's right to adequate support pursuant to Domestic Relations Law § 32 (3). Thus the concern was the best interest of the child (see, Matter of Brescia v Fitts, 56 NY2d 132, 139-140; Matter of Michaels v Michaels, 56 NY2d 924, 926; Matter of McCarthy v Braiman, 100 AD2d 589). The child's right to support cannot be prejudiced by the acts of a parent (Matter of Shinouda v Shinouda, 96 Misc 2d 290, 293; Moat v Moat, 27 AD2d 895; Matter of Brock v Brock, 4 AD2d 747; Matter of Schwartz v Schwartz, 48 Misc 2d 859).

The respondent's obligation should be increased to $35 per week. A greater increase would be beyond the respondent's means, as indicated by his financial disclosure affidavit (see, Domestic Relations Law § 32 [3]). In addition, the petitioner's financial disclosure affidavit does not support a greater increase. The affidavit, which was not subjected to cross-examination because the petitioner was not present at the hearing, indicates that her family has a monthly shortfall of approximately $600 per month. Given the parties' respective financial situations and the absence of credible evidence about the parties' child's expenses, the respondent's obligation, as modified, is adequate. Mollen, P. J., Rubin, Sullivan and Rosenblatt, JJ., concur.