■ JOEL GELB, Appellant-Respondent, v VICKY BROWN, Respondent-Appellant.—Judgment, Supreme Court, Bronx County (Barry Salman, J.), entered March 30, 1988, which, *inter alia,* (1) denied applications by the parties as to the possession, use, ownership, or enjoyment of any disputed items of personal property, leaving each party to retain any property in his or her possession; (2) ordered plaintiff father, the custodial parent, to pay for the support of the parties' children, including, but not limited to all medical, dental, educational and major clothing expenses, and ordered defendant mother to provide for "domestic expenses" during visitation periods; (3) denied plaintiff's application to be relieved of arrears in temporary support; (4) authorized the release to the parties of their respective shares of the proceeds from the sale of the former marital residence, except that $16,225 of plaintiff's share is to be paid to defendant for arrears in temporary support; and (5) granted defendant a money judgment of

$16,225 for arrears in temporary support, is unanimously modified, on the law, and the facts to the extent of, *inter alia,* (a) striking the above-numbered items (1) and (2); (b) ordering an informal auction of the disputed personal property not distributed herein whereby each party will alternatively choose an existing item for his or her possession; (c) ordering that the parties' pensions and savings plans remain intact for the respective parties; (d) ordering that plaintiff's student loans be paid by plaintiff, due as of the commencement of this action; (e) ordering that credit card charges incurred by the parties after the commencement of this action be paid by the party who incurred the charges, all prior charges to be equally shared; (f) remanding the matter to a Judicial Hearing Officer (JHO) for a determination of child support pursuant to the guidelines of the Child Support Standards Act (CSSA; Domestic Relations Law § 240 [1-b]); and, except as modified, otherwise affirmed, without costs. Settle order on notice.

Plaintiff and defendant were married in 1972. There are two children of the marriage aged 12 and 15. In February 1986, the parties were granted a dual divorce. Upon consent all other aspects of the action were referred to the JHO to "hear and determine." The entry of a divorce judgment was stayed pending the JHO's orders. The JHO issued two partial orders. The first order awarded custody of the children to plaintiff (husband) and set up a visitation schedule for defendant. Some seven months later, the second partial order was issued which determined the financial issues of the case.

Plaintiff moved the court to refer the financial issues back to the JHO since the JHO had allegedly failed to adequately resolve the issues of child support and equitable distribution of assets and liabilities, had allegedly failed to comply with the requirements of Domestic Relations Law § 236 in rendering his decision and had also overlooked the parties' submitted memoranda. The IAS court reviewed the record for omissions by the JHO and found none. Consequently, the court did not refer the case back to the JHO and entered a judgment of divorce incorporating the JHO's orders into the judgment.

Our review of the record indicates that the matter should have been referred back to the JHO. The JHO failed to consider the lengthy memoranda submitted by the parties and, instead, resolved the financial issues mainly based on his notes and recollections of the trial. Moreover, the JHO failed to adequately set forth the factors he considered and his reasons in rendering his decision on the financial issues

referred to him as required by Domestic Relations Law § 236 (B) (5) (g). *(See, Duffy v Duffy,* 94 AD2d 711.)

As our powers are as broad as the JHO's with respect to distribution of marital property *(see, Majauskas v Majauskas,* 61 NY2d 481, 493-494) and since the record is sufficiently detailed to enable us to make an informed determination on most of the issues before us, we do not find it necessary to remand all the issues to the JHO. *(See, O'Brien v O'Brien,* 66 NY2d 576, 589.)

As we have noted previously, marriage may be viewed as an economic partnership under circumstances such as these in which spouses share in the profits and assets of the partnership as well as in the losses and liabilities incurred in the pursuit of marital wealth. *(Capasso v Capasso,* 129 AD2d 267, 293.) The traditional notion that the father has the primary obligation to support his children no longer reflects modernday realities nor does it comply with constitutional requirements of equal protection. *(Orr v Orr,* 440 US 268; *Matter of Carter v Carter,* 58 AD2d 438.) Indeed, the mother's earnings must be considered when allocating the responsibility of child support, and where her earnings are similar to the father's, her financial responsibility should also be similar. *(Berzins v Berzins,* 64 AD2d 881.) Notably, in the instant case, defendant's income has historically been quite close to plaintiff's.

The determination and award of child support is now governed by the recently enacted Child Support Standards Act (Domestic Relations Law § 240 [1-b]). The CSSA assures that the children share in the economic status of both parents. The needs of the children are paramount, regardless of the marital status of the parents. As the CSSA represents important public policy it should be applied to matters which commenced prior to the effective date of the act but which have not yet been finally decided, as here. *(See, e.g., Greschler v Greschler,* 51 NY2d 368, 377-378.)

In determining child support, the court, or as in this case, the JHO, acting with the authority of a court (CPLR 4301, 4319) is required to determine a fair and reasonable sum pursuant to Domestic Relations Law § 240 (1-b) and § 32 (3). The permanent award of child support is based upon a compulsory calculation delineated in Domestic Relations Law § 240 (1-b) (c), unless the factors set forth therein as applied to the matter before the court permit a deviation from such a compulsory calculation.

The record in this case, however, is inadequate for this

court to make a determination of child support. There is a lack of information regarding the current financial status of the parties. Accordingly, we remand the matter to a JHO with instructions to calculate the child support obligations of the parties pursuant to the CSSA. The parties are directed to provide disclosure of their current financial status which should include copies of their 1988 and 1989 Federal income tax returns as well as a completed child support worksheet. *(See,* Domestic Relations Law § 240 [1-b] [j].) The child support award must be retroactive to the original date of service of this application (Domestic Relations Law § 236 [B] [7]). Moreover, after child support is determined, if defendant is obligated to provide plaintiff, the custodial parent, with weekly child support, any retroactive sums should be used to offset the arrears plaintiff owes defendant as result of the IAS court's temporary support order. *(See, infra.)*

As to arrears, the IAS court ordered plaintiff, on June 24, 1985, to pay $250 per week in temporary child support and to pay half the outstanding bills on the marital residence for the mortgage, homeowner's insurance and utility bills for gas, electric, water and telephone services.

One of the children left defendant's residence on December 12, 1986 and the other on December 27, 1986. Accordingly, the temporary child support owed by plaintiff amounts to $23,000. Plaintiff was properly credited with paying $8,250 toward this sum and thus still owes $14,750 in temporary child support payments. As to arrears in utility payments, the evidence reveals that plaintiff owes $1,475 to defendant.

Plaintiff argues that he should not be required to pay these arrears since an agreement existed between the parties whereby the court's temporary order was modified to allow plaintiff to pay a lesser amount. However, the letter provided that the agreement was without prejudice to further application to the court. Moreover, both parties failed to comply with the terms and conditions of the agreement. Clearly, plaintiff presents no valid reason or evidence demonstrating that he should be relieved of any arrears. Indeed, most of the arrears constituted child support, while defendant had custody, which may not be retroactively reduced or canceled. *(See,* Domestic Relations Law § 244.)

As to mortgage payments and real estate taxes, a dispute arose after the IAS court issued the temporary order. Plaintiff claims credits of $1,289.55 and $237.50 for half of the mortgage payments and tax payments, respectively, made by him

which defendant allegedly was obligated to pay. Similarly, defendant claims a tax credit of $500.50. With regard to the mortgage payments, they were made by plaintiff as of the date defendant submitted the temporary order to the court and should thus be included in the order. As to the real estate taxes, although the IAS court's temporary order did not specifically mention such expenses it is clear that the court intended these expenses to be included in its temporary order. Accordingly, as to the balances of moneys held in escrow by the respective attorneys, plaintiff shall receive the sums of $1,289.55 and $237.50. Defendant shall receive the sum of $500.50.

We have carefully considered the criteria set forth in Domestic Relations Law § 236 (B) (5) in determining the distribution of the remaining assets and liabilities.

Since the parties are in similar economic positions and have made relatively equal contributions to the marriage, the pension plans and savings plans including IRA's and annuities of each party shall remain intact with no award therefrom. *(See, Sementilli v Sementilli,* 102 AD2d 78, 91.)

Although the parties have agreed to share equally in the proceeds of the sale of the marital house, they have had little success at settling the dispute over the other items of personal property. The parties have submitted lists of property which each desires. There exists a collection of stamps and coins. This collection, except for certain coins which defendant possessed prior to her marriage to plaintiff or which were gifts from her mother to her during the marriage, belongs to plaintiff. The 1978 Ford van is of negligible value and thus is not considered for distribution. With regard to the balance of the other disputed items of personal property, the parties are directed to hold an informal auction between themselves, as suggested by plaintiff, with each party's attorneys present, whereby each party shall alternatively choose an existing item of personal property which he or she wishes to possess until the items are completely distributed.

The parties have accumulated several significant debts over the course of their marriage. A $980 debt owed to a Dr. Roy Erlich for professional services rendered to defendant was incurred before the commencement of this action and continued through April 1985. Accordingly, since this debt is predominantly a marital one it should be equally shared by the parties.

While both parties assert that there are debts owed to their

respective parents, as a result of "loans" given to the parties, there is insufficient evidence in the record to substantiate these loans. Moreover, it appears that these so-called debts resembled gifts and trade-offs for living accommodations as opposed to loans. Accordingly, we make no division or distribution of these "debts".

As to credit card accounts, any expenses incurred prior to the commencement of this action are marital debts and shall be equally shared by the parties. All charges effected after the commencement of this action are the responsibility of the party who incurred them.

Both parties also took out student loans. Defendant's loans have largely been paid off from marital assets prior to this divorce action. Plaintiff's student loans have not yet been paid off and his loans are larger. However, since defendant regularly worked while plaintiff's student loans were incurred, and since the parties have relatively equal earning capacities, defendant is not liable for the payment of plaintiff's student loans due as of the commencement of this action.

We have considered the other requests made and issues raised by the parties and find them to be lacking support in the record or to be insignificant in light of the above distribution.

Settle order on notice. Concur—Kupferman, J. P., Carro, Milonas, Kassal and Ellerin, JJ.