■ ADRIENNE COOPER, Appellant, v JOHN S. FARRELL, Respondent.—In an action to enforce a separation agreement as modified by a stipulation, the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated August 18, 1989, as declared that the defendant is not obligated to pay the tuition for the private schooling of the parties' youngest child.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Absent special circumstances or voluntary agreement, a parent is not obligated to pay for the cost of a child's private schooling *(see, Keehn v Keehn,* 137 AD2d 493; *Benson v Benson,* 79 AD2d 694). The plaintiff made no claim that special circumstances exist and although the parties agreed by written stipulation modifying a separation agreement that each would pay 50% of the cost of "suitable schooling" for their youngest child, they also thereby set forth that absent

"mutual agreement", the defendant "shall have sole and exclusive discretion as to the ultimate and final selection of schooling" for the child.

We agree with the Supreme Court that the plaintiff failed to establish that the parties mutually agreed that their child should attend the private school selected and paid for by the plaintiff, the expenses for which she now seeks 50% reimbursement. The Supreme Court therefore properly determined that the defendant was not obligated by the stipulation to pay for one-half of the cost of that schooling. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.