■ LINDA S. BUTLER, Respondent-Appellant, v WILLIAM D. BUTLER, Appellant-Respondent.—Yesawich, Jr., J. Cross appeals from a judgment of the Supreme Court (Fischer, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered September 27, 1989 in Broome County, upon a decision of the court.

After 15 years of marriage, during which they conceived one child, the parties separated. Plaintiff, who obtained temporary custody and monthly support and maintenance awards of $600 and $400, respectively, commenced this action for a divorce. At the trial, a majority of the issues were resolved by stipulation. Left to be decided was (1) the distribution of the proceeds from the sale of the marital home, and (2) the amount of child support and maintenance. After trial, Supreme Court awarded plaintiff two thirds of the proceeds from the sale of the residence (defendant sought an equal division), and ordered defendant to continue paying the child support and maintenance amounts as determined in the temporary order until their child attains the age of 18. The judgment was signed three days and entered 12 days after the Child Support Standards Act (L 1989, ch 567) became operative. Both parties have appealed.

Supreme Court addressed the issues presented in a comprehensive opinion. We fully endorse the manner in which the court divided the sale proceeds and the propriety and amount of maintenance awarded.

We are constrained, however, to remit for a recalculation of the child support award pursuant to the Child Support Standards Act. This act comes within the exception to the general rule that remedial legislation is to be applied to pending cases, namely, those "that have not yet reached *final judgment*, on the statute's effective date" (11C Zett-Kaufman-Kraut, NY Civ Prac § 67.02 [9] [emphasis supplied]; *see, e.g., Gelb v Brown,* 163 AD2d 189). Inasmuch as the final judgment and decree was signed and entered after the statute's effective date, September 15, 1989 (L 1989, ch 567, § 15), a remittal for the purpose of redetermining child support owing under the act is necessary.

Judgment modified, on the law, without costs, by reversing so much thereof as ordered defendant to pay $600 per month child support; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Crew III, JJ., concur.