■ MICHAEL CLARK, Appellant, v GAIL CLARK, Respondent. —Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Viscardi, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered March 7, 1990 in Clinton County, upon a decision of the court.

The parties married in 1966 and thereafter conceived two

children, one of whom was emancipated at the time plaintiff commenced this action to dissolve the marriage. After their marriage, plaintiff joined the State Police in 1968 and defendant returned to school for both a Bachelor's and Master's degree in education. In 1973, defendant started teaching; she currently earns $28,360 instructing fourth graders. Plaintiff remained with the State Police until he voluntarily retired in May 1988. Presently, he receives $18,000 per year from his pension and approximately $400 per week when he works at a part-time job for United Parcel Service.

Pursuant to an earlier order of Supreme Court, plaintiff had been required to pay the mortgage, taxes and insurance on the marital residence, together with $100 per month for child support. At the time of trial, however, the parties' 15-year-old daughter no longer resided with defendant. As a consequence, Supreme Court terminated plaintiff's obligation to pay child support, but continued the mortgage, insurance and tax obligations until such time as the residence was sold.

Relevant to this appeal, Supreme Court further determined that both parties' pensions were marital property (see, Majauskas v Majauskas, 61 NY2d 481, 490), and that neither party was entitled to maintenance as both were fully able to support themselves, were in good health, and were in their 40s. The court netted plaintiff's interest in defendant's pension against defendant's interest in plaintiff's pension and awarded defendant a 46.875% interest in plaintiff's pension or $6,484.22 annually. Additionally, the court ordered defendant to pay child support of $80 per week.

Plaintiff claims on appeal that Supreme Court failed to consider the probable future financial conditions of both parties and should have applied the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) to determine the proper child support obligation.

There is no merit to plaintiff's assertion that Supreme Court did not consider each party's present and future earning potential in determining distribution of the marital property, including the parties' pensions (see, Domestic Relations Law § 236 [B] [5] [d] [1], [8]). While plaintiff remonstrates that "defendant presently has a greater earning power than the plaintiff, and in fact, earns much more money at the present time", the court concluded otherwise. It specifically noted that "each party has the ability to be self-supporting and is self-supporting, and the future earning capacity of each is roughly equal". Plaintiff's own testimony negates his claims of unemployability. Plaintiff testified that he left the State Police

voluntarily, was actively seeking employment, was working part-time for United Parcel Service and receives a gross yearly pension of $18,000. Moreover, defendant indirectly contributed to the household as homemaker and caretaker during the marriage, and was obligated by the court to assume a greater portion of the marital debt. Thus, plaintiff's contention that the court unfairly awarded defendant an interest in his pension is unavailing. The court met its goal of a fair, as opposed to an equal, distribution *(see, Kobylack v Kobylack,* 111 AD2d 221, 223-225; *cf., Arvantides v Arvantides,* 64 NY2d 1033, 1034).

As for plaintiff's preference that defendant's share of plaintiff's pension be paid in a lump sum of $77,504, $20,000 of which would consist of plaintiff's one-half share of the net equity of the marital residence, it suffices that this payment option, even if it had been pressed upon Supreme Court (and that does not appear to be the case from the record), is preferred when there is sufficient marital property to enable that payment to be made *(see, Rodgers v Rodgers,* 98 AD2d 386, 392, *appeal dismissed* 62 NY2d 646; *Damiano v Damiano,* 94 AD2d 132, 139; 1 Tippins, New York Matrimonial Practice § 4.11, at 35; 3 Foster, Freed and Brandes, Law and the Family, New York, § 17:2, at 688 [2d ed]). Here, marital assets necessary to make any such lump-sum distribution are simply lacking.

Nor did Supreme Court impermissibly direct plaintiff to continue meeting the mortgage, taxes and insurance obligations after defendant and their daughter left the marital residence. The court terminated plaintiff's support obligation as of November 1, 1989.* Contrary to plaintiff's claim that after that date he was solely obligated for the mortgage, taxes and insurance payments, he was permitted to deduct one half of each payment from the amount of arrearages he owed defendant for her share of his pension. Thus, the court's determination essentially divided the mortgage obligation equally between the parties.

Finally, as the judgment was signed and entered after the Child Support Standards Act (L 1989, ch 567) became operative, the matter should be remitted for a redetermination of

* Supreme Court mistakenly established November 1, 1989 as the date defendant was obligated to pay child support. Plaintiff applied for temporary support September 14, 1989. Accordingly, this latter date is the date from which the order should have been made effective *(see,* Domestic Relations Law § 236 [B] [7] [a]).

defendant's child support obligation pursuant to the Act *(see, Butler v Butler,* 171 AD2d 985 [decided herewith]).

Judgment modified, on the law, without costs, by reversing so much thereof as directed defendant to pay $80 per week in child support; plaintiff's support and mortgage obligations terminated on September 14, 1989 rather than on November 1, 1989, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mikoll, J. P., Yesawich, Jr., Levine, Mercure and Crew III, JJ., concur.