■ In the Matter of DAWN SQUIRES, Respondent, v CECIL SQUIRES, Appellant.—Weiss, J. Appeal from an order of the Family Court of Washington County (Berke, J.), entered December 4, 1989, which dismissed respondent's application, in a proceeding pursuant to Family Court Act article 4, to modify a prior order of child support.

Respondent sought a reduction of his child support obligation based upon petitioner's relocation to Georgia with the parties' three children and her new husband, ostensibly to seek employment opportunities. Respondent opposed the move because it would essentially terminate his visitation rights with his three sons, as he is totally without financial resources which would permit him to travel the distance or pay for his children to come to New York. Respondent pays child support in the sum of $180 per week and also pays $25 for another child, leaving him with approximately $100 per week after making his child support payments. He is sometimes able to earn an additional $15 to $20 per week from overtime, but on the other hand his pay is reduced if he misses time from work even for sickness. Respondent contends that the burden of his current child support obligations effectively precludes any visitation with the three children. Prior to their relocation, respondent exercised visitation every other weekend pursuant to the terms of the parties' separation agreement, and additionally regularly visited during the week.

The Hearing Examiner found that the children's needs had

remained the same and declined to reduce the child support obligation based upon the relocation. Family Court denied respondent's objections and this appeal ensued. We reverse.

Contrary to the decision of the Hearing Examiner, we find that the relocation of respondent's children to a far distant state is a material change which required an analysis of the impact on respondent's visitation rights and his finances if any level of visitation is to be maintained *(see, Matter of Giacopelli v Giacopelli,* 62 AD2d 999, 1000; *see also, Matter of Alexander v Alexander,* 129 AD2d 882). While the rights of a child to support cannot be prejudiced by the acts of a parent *(Matter of Magliocca v Magliocca,* 156 AD2d 367), the record here is devoid of any evidence of petitioner's current financial situation, including any income she may earn and that of her new husband as well as the financial needs of the children. Moreover, visitation with noncustodial parents is generally in the best interests of children *(see, Reyes v Ball,* 162 AD2d 770) and is a need to be considered. Accordingly, the matter must be remitted to Family Court for development of the record on these issues.*

Order reversed, on the law, without costs, and matter remitted to the Family Court of Washington County for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Crew III, JJ., concur.

---

* We note that subsequent to the Hearing Examiner's decision, the Child Support Standards Act (L 1989, ch 567) became effective and must be applied upon remittal.