■ In the Matter of ROBERT L. WEBER, Appellant, v SUSAN E. WEBER, Respondent.—Mikoll, J. P. Appeal from an order of the Family Court of Essex County (Garvey, J.), entered November 16, 1989, which, *inter alia,* partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify a prior judgment awarding child support.

Petitioner's argument that Family Court did not have jurisdiction to entertain this proceeding is without merit. Where, as here, a judgment of Supreme Court providing for child support exists and Supreme Court has not retained exclusive jurisdiction to enforce or modify it, Family Court may entertain a proceeding to enforce it or, on a finding of changed circumstances, to modify it (Family Ct Act § 461 [b]; *Matter of Brescia v Fitts,* 56 NY2d 132, 139-140). Not only does the record contain a prior order of Family Court modifying Supreme Court's judgment as it related to custody, but petitioner initiated the instant proceeding to modify child support in Family Court claiming a change in his employment and financial circumstances.

Petitioner's other claims of error have been examined and found to be without merit. We must still remit the matter to

Family Court, however. In partially granting petitioner's request for a downward modification of child support, Family Court's decision and order were subsequent to the September 15, 1989 effective date of the Child Support Standards Act (L 1989, ch 567). As such, a remittal for the purpose of determining child support under the Act (Family Ct Act § 413, as amended by L 1990, ch 818) is necessary (*see, Butler v Butler,* 171 AD2d 985; *Clark v Clark,* 171 AD2d 986).

Order reversed, on the law, without costs, and matter remitted to the Family Court of Essex County for further proceedings not inconsistent with this court's decision. Mikoll, J. P., Yesawich, Jr., Levine, Mercure and Crew III, JJ., concur.