■ In the Matter of JUDITH VALEK, Appellant, v CRAIG SIMONDS, Respondent.—Weiss, J. Appeal from an order of the Family Court of Broome County (Esworthy, J.), entered January 2, 1990, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of child support.

The sole issue in this appeal is whether Family Court should have applied the Child Support Standards Act (L 1989, ch 567) (hereinafter the Act) in its determination of the petition for upward modification of a Family Court order which required respondent to pay $55 weekly for child support. Petitioner alleges that there has been a substantial change in circumstances of the parties. Following an evidentiary hearing, a Hearing Examiner decided that the petition should be denied and Family Court thereafter denied the written objections filed by petitioner. This appeal followed.

At the time the subject order was made, Family Court Act § 413 former (1) *(l)* provided that application of the Act to applications for modification of child support pending after September 15, 1989, the effective date of the Act, was discretionary. The Act, however, was thereafter amended (L 1990, ch 818, §§ 8, 11) and now mandates that courts apply the guidelines set forth in the Act to applications for modification

pending on July 25, 1990, the amendment's effective date (L 1990, ch 818, § 23). This court has held that the Act must be applied to pending appeals from orders modifying child support *(see, Matter of Weber v Weber,* 172 AD2d 901; *Matter of Squires v Squires,* 171 AD2d 990, 991, n 1). Because the order in this appeal has not reached final judgment, the Act must be applied *(see, supra; see also,* McKinney's Cons Laws of NY, Book 1, Statutes § 58).

To establish entitlement to modification of child support, the burden is on petitioner to show by clear and convincing proof a substantial change in circumstances *(see, Matter of Vitek v Vitek,* 170 AD2d 908). We find that petitioner's loss of employment, resulting in a reduction of income from $22,000 a year to unemployment benefits of $184 a week, constitutes a substantial change in circumstances warranting upward modification *(see, Quinn v Quinn,* 145 AD2d 754, 757; *Matter of Flanter v Flanter,* 123 AD2d 626, 627). Accordingly, this matter must be remitted to Family Court for application of the Act and determination of an appropriate award of child support thereunder.

Casey, J. P., Mikoll, Levine and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, petitioner's objections sustained and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this court's decision.