In the Matter of DAVID PEDERSEN, Respondent, v MARI-ANNE PEDERSEN, Appellant.—In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Richmond County (Meyer, J.), dated

September 22, 1989, which, *inter alia,* directed her to pay the sum of $217 per month to the father for child support.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Richmond County, for a hearing and determination of an appropriate award of child support in accordance with the provisions of the Child Support Standards Act, as set forth in Family Court Act § 413. Pending the new hearing and determination, the mother shall continue to pay to the father in the sum of $217 per month for child support.

The parties were divorced pursuant to a judgment of divorce dated July 7, 1987. Pursuant to a separation agreement incorporated but not merged therein, the mother was given physical custody of the infant child of the marriage and the father was directed to pay her the sum of $250 per month for child support.

Subsequently, pursuant to the parties' stipulation, and an order of the Family Court, Richmond County, dated April 28, 1989, the judgment of divorce was modified by having physical custody of the infant child transferred from the mother to the father. The father also sought to have the mother pay him child support. The order dated April 28, 1989, also directed that "pursuant to stipulation all issues surrounding the payment of child support * * * shall be submitted to this court, with a hearing on the same only to be had if this Court deems the same to be necessary".

Both parties submitted Financial Disclosure Affidavits in May of 1989. While the issue of child support was pending before the Family Court, the Child Support Standards Act (hereinafter CSSA) was enacted, effective September 15, 1989 (L 1989, ch 567, § 15). Under the terms of the CSSA, the Family Court had the discretion whether or not to apply the provisions of the CSSA to any applications for a change in child support pending on September 15, 1989 *(see,* Family Ct Act § 413 [1]).

By decision and order dated September 22, 1989, the Family Court, Richmond County, *inter alia,* "taking notice of the guidelines set forth in the Child Support Standards Act", directed the mother to pay the sum of $217 per month to the father for child support.

It is unclear from the aforenoted language of the decision and order whether or not, or to what extent, the Family Court relied on the newly enacted CSSA in reaching its conclusion. If the Family Court did apply the CSSA, its decision and order

dated September 22, 1989, is devoid of any factual findings or computations, thus precluding meaningful appellate review. Moreover, it has been held that since the CSSA represents important public policy, it should be applied to pending appeals from orders modifying child support *(Matter of Fetherston v Fetherston,* 172 AD2d 831; *Matter of Valek v Simonds,* 174 AD2d 792; *Matter of Weber v Weber,* 172 AD2d 901; *Matter of Squires v Squires,* 171 AD2d 990; *Gelb v Brown,* 163 AD2d 189).

Consequently, the order must be reversed and the matter remitted for a new hearing and determination of the issue of child support pursuant to the guidelines of the CSSA. Mangano, P. J., Kunzeman, Miller and Copertino, JJ., concur.