■ In the Matter of DEBORAH A. RATHBUN, Formerly Known as DEBORAH A. WINCHELL, Appellant, v JON R. WINCHELL, Respondent.—Mahoney, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered April 17, 1990, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of respondent's child support payments.

The parties were divorced in April 1985 by judgment incorporating a previous separation agreement which provided that respondent pay $40 in weekly child support for the single child born of the marriage. By petition dated June 8, 1989, petitioner applied for an upward modification of child support. A hearing was held and petitioner was awarded an upward modification of child support to $70 per week. The order also included payment of arrearages to the date of the application payable at $10 per month. An appeal was taken by petitioner to Family Court in an effort to increase the upward modification. The order was affirmed on April 17, 1990 and this appeal followed.

The essence of petitioner's argument is that the Hearing Examiner's failure to apply the guidelines set forth in the

Child Support Standards Act (L 1989, ch 567) (hereinafter the Act) in determining the amount of upward modification of this support order or to enunciate the reasons justifying departure therefrom is contrary to Domestic Relations Law § 240 (1-b) (former [g]) and (former *[l]).* We disagree. At the time the Hearing Examiner made his determination and the matter was reviewed by Family Court, application of the Act to modification of support orders was *permissive only* (Domestic Relations Law § 240 [1-b] [former *(l)],* as added by L 1989, ch 567, § 7; Family Ct Act § 413 [1] [former *(l)],* as added by L 1989, ch 567, § 8). Accordingly, petitioner's claim of error cannot be supported by reliance upon this former provision. Nor do we believe that Domestic Relations Law § 240 (1-b) (former [g]) (or Family Ct Act § 413 [1] [former (g)]) stands for the proposition that petitioner asserts. Those provisions, in our view, apply only to situations which fall within the Act's guidelines, inasmuch as both refer to the "basic child support obligation", a term expressly defined in Domestic Relations Law § 240 (1-b) (b) (1) and Family Court Act § 413 (1) (b) (1). Because this appeal is from an order wherein the Act was not required to be applied, petitioner's reliance on this provision is likewise unavailing.*

While the contentions as propounded by petitioner lack merit, we must consider the effect of the 1990 amendment to Family Court Act § 413 (1) *(l)* (L 1990, ch 818, § 11) upon the amount of respondent's support obligation. That amendment, which took effect during the pendency of this appeal, made application of the Act *mandatory* in determining the dollar amount of a support order modification (L 1990, ch 818, § 23). Previously, we have recognized that the 1990 amendment applies not only to matters pending before Family Court on the effective date of the amendment, i.e., July 25, 1990, but also to appeals pending on that date *(Matter of McFarlane v McFarlane,* 182 AD2d 1024; *Matter of Valek v Simonds,* 174 AD2d 792, 792-793; *see, Matter of Pedersen v Pedersen,* 176 AD2d 729). Application of that principle here requires remittal of the matter to Family Court for application of the Act in determining the amount of respondent's support obligation.

Mercure, J. P., Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter

---

* We also reject petitioner's contention that a new trial should be granted because the Hearing Examiner failed to render a decision within 60 days after the hearing. "Delay in rendering a decision is not grounds for a new trial *(Matter of Burke v White,* 126 AD2d 838, 840-841 [citation omitted]; *see, Thayer v Blando,* 40 AD2d 886).

remitted to the Family Court of Warren County for further proceedings not inconsistent with this court's decision.