■ In the Matter of LORRAINE L. BORGIO, Respondent, v RUSSELL BORGIO, Appellant.—In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Freundlich, J.), entered March 1, 1990, which denied his objections to an order of the same court (Barton, H.E.), dated September 19, 1989, which, after a hearing, directed him to pay child support of $155 per week.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a hearing and determination of an appropriate award of child support in accordance with the provisions of the Child Support Standards Act, as set forth in Family Court Act § 413. Pending the new hearing and determination, the husband shall continue to pay the sum of $155 per week for child support.

The mother commenced this proceeding pursuant to Family Court Act article 4 in July 1989 for an award of child support. A hearing was held before a Hearing Examiner on September 5, 1989, and a decision was issued the same day which determined that the child was entitled to support payments of $155 per week. An order of support was issued on September 19, 1989, four days after the Child Support Standards Act (hereinafter the CSSA) went into effect (see, Family Ct Act § 413). The father filed objections to the order which, inter alia, alleged that, if the Hearing Examiner had applied the guidelines contained in the CSSA, the support award was improperly calculated. The Family Court summarily denied the father's objections in an order entered on March 1, 1990.

We have held that because the CSSA represents important public policy, it should be applied to pending appeals, even though the matter was commenced prior to the effective date of the Act (see, Matter of Howard v Howard, 186 AD2d 132 [decided herewith]; Matter of Maddox v Doty, 186 AD2d 135 [decided herewith]; Matter of Pedersen v Pedersen, 176 AD2d 729; Matter of Fetherston v Fetherston, 172 AD2d 831; see also, Butler v Butler, 171 AD2d 985; Gelb v Brown, 163 AD2d 189). If the Family Court did take the CSSA into account in ruling on the father's objections, meaningful appellate review is precluded because the order entered March 1, 1990, is devoid of factual findings or computations (see, Matter of Pedersen v Pedersen, supra). We therefore remit the matter to the Family

Court for a de novo hearing and determination of child support based on the guidelines contained in the CSSA. Pending the new determination, the father is directed to continue to pay child support of $155 per week as, contrary to his contention, the evidence in the record establishes that he has sufficient income to meet his reasonable living expenses. Sullivan, J. P., Balletta, Eiber and O'Brien, JJ., concur.