■ In the Matter of LINDA M. HOWARD, Respondent-Appel-

lant, v LON W. HOWARD, Appellant-Respondent.—In a support proceeding pursuant to Family Court Act article 4, *inter alia,* for upward modification of child support, the father appeals from so much of an amended order of the Family Court, Westchester County (Spitz, J.), entered January 9, 1990, as denied his objection to that portion of an order of the same court (Martinez-Perez, H.E.), entered October 6, 1989, which directed him to pay 70% of his daughter's private school tuition, and the mother cross-appeals from so much of the amended order entered January 9, 1990, as granted the father's objection to that portion of the order entered October 6, 1989, which applied the Child Support Standards Act of 1989 (Family Court Act § 413) in determining upward modification and awarded child support of $335 per week.

Ordered that the amended order is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, the father's objection to that portion of the order entered October 6, 1989, as directed him to pay 70% of his daughter's private school tuition is granted, the mother's application for private school tuition is dismissed, the father's objection to that portion of the order entered October 6, 1989, as applied the Child Support Standards Act of 1989 is denied, and the Hearing Examiner's award of child support of $335 per week is reinstated; and it is further,

Ordered that the matter is remitted to the Family Court, Westchester County, for a recomputation of child support arrears.

Under the circumstances of this case we find that the court erred in directing the father to pay 70% of his daughter's private schooling. Absent voluntary agreement, a parent is not obligated to pay for the cost of a child's private schooling unless special circumstances exist *(see, Cooper v Farrell,* 170 AD2d 571; *Keehn v Keehn,* 137 AD2d 493; *Benson v Benson,* 79 AD2d 694). The relevant factors in making such a determination are: (1) the educational background of the parents, (2) the child's academic ability, and (3) the parents' financial ability to provide the necessary funds *(see, Romansoff v Romansoff,* 167 AD2d 527; *Hirsch v Hirsch,* 142 AD2d 138, 144; *Keehn v Keehn, supra; Kaplan v Wallshein,* 57 AD2d 828, 829). The record in this case established no special circumstances warranting that the father pay for his daughter's private high school education.

The wife argues that the court erred in refusing to apply the Child Support Standards Act (Family Ct Act § 413) (hereinafter the Act) after the Hearing Examiner had made the

calculations in accordance with the Act. When the order appealed from was signed, the Act was in effect, although most of the proceedings in the case had taken place before its effective date. On the date of the order appealed from, the Act was permissive with respect to modification applications in that it authorized the trial court to exercise its discretion in determining whether or not to apply the Act to such applications. Under the circumstances, we do not agree with the wife's assertion that it was reversible error for the trial court to decline to apply the Act. The 1990 amendment, however, changed the character of the Act from permissive to mandatory with respect to modification applications, and we have held, as has the Appellate Division, Third Department, that the tenor of the legislation and the public policy behind it dictated the application of the Act to appeals pending on July 25, 1990, the date of the 1990 amendment (see, Matter of Pedersen v Pedersen, 176 AD2d 729; Matter of Rathbun v Winchell, 183 AD2d 948; Matter of Borgio v Borgio, 186 AD2d 131 [decided herewith]; Matter of Maddox v Doty, 186 AD2d 135 [decided herewith]). Accordingly, the Act applies to this case. Under ordinary circumstances, we would remit the matter to the Family Court for a recalculation of child support in accordance with the Act, but in this instance the Hearing Examiner had in fact made the determination based on the Act. Accordingly, the husband's objection to that aspect of the Hearing Examiner's order is denied, the Hearing Examiner's award of $335 per week in child support is reinstated, and the matter is remitted to the Family Court, Westchester County, for a recomputation of child support arrears. Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.