■ In the Matter of CEREDA MADDOX, Respondent, v GERRY DOTY, Appellant.—In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Nason, J.), dated November 15, 1989, which denied his objections to an order of the same court (Rood, H.E.), dated October 3, 1989, which, *inter alia,* directed him to pay the sum of $159 per week in child support.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court correctly upheld the Hearing Examiner's order, in which she applied the guidelines set forth in the Child Support Standards Act (hereinafter CSSA) to calculate the child support award *(see,* Family Ct Act § 413). Although the petition was filed prior to the effective date of the CSSA (L 1989, ch 567), the hearing was held and the order appealed from was made after its effective date. In light of the remedial nature of the legislation and the important public policy considerations involved, the court was empowered to apply the guidelines *(see, Matter of Borgio v Borgio,* 186 AD2d 131 [decided herewith]; *Matter of Howard v Howard,* 186 AD2d 132 [decided herewith]; *Butler v Butler,* 171 AD2d 985; *Gelb v Brown,* 163 AD2d 189).

We also reject the father's argument that in light of his allegedly extenuating financial circumstances, the application of the CSSA guidelines resulted in an inappropriate or unjust support result. The Hearing Examiner was not bound by the amount of support requested in the petition *(see, Winters v Winters,* 154 AD2d 884), and there arose a rebuttable presumption that application of the CSSA guidelines yielded a correct amount of child support *(see, Matter of Steuben County*

*Dept. of Social Servs. v James,* 171 AD2d 1023; 42 USC § 667 [b] [2]). Although the appellant contends that the Hearing Examiner failed to properly consider his claims of financial distress, we accord deference to the Hearing Examiner's assessment of the parties' credibility and the evidence presented *(see, Matter of Alamo v Alamo,* 168 AD2d 493). Moreover, under the circumstances, we conclude that the award was not excessive.

We have examined the appellant's remaining contentions and find them to be without merit. Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.