■ MARGARET OTTO, Respondent-Appellant, v RICHARD OTTO, Appellant-Respondent. [616 NYS2d 82] —In a matrimonial action in which the parties were divorced by a judgment of the Supreme Court, Queens County (Ambrosia, J.), entered March 23, 1987, the defendant former husband appeals, as limited by his brief, from so much of a judgment of the same court dated August 9, 1991, which, after an inquest on the economic issues, held pursuant to an opinion and order of this Court (Otto v Otto, 150 AD2d 57), awarded the plaintiff wife child support of $260 per week and retroactive child support of $75,049.50, and the plaintiff wife cross-appeals, as limited by her brief, from stated portions of that same judgment which, inter alia, (1) failed to award her maintenance, (2) failed to award her and the parties' children exclusive occupancy of the marital premises, (3) failed to award her an

interest in the defendant husband's union pension plan, (4) failed to award her counsel fees, and (5) failed to credit her with various expenses she paid to maintain the parties' two parcels of real property.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting the third decretal paragraph thereof providing for the payment of retroactive child support, (2) adding to the seventh decretal paragraph thereof after the words "equally between the parties," the words, "less the sum of $7,144.64 the plaintiff wife expended in maintaining the property during a period from 1988 to 1989 and", (3) deleting the eighth decretal paragraph thereof, and (4) adding thereto a provision directing the defendant husband to pay mainte-nance to the plaintiff wife in the sum of $100 per week for 5 years for a total sum of $26,000 effective as of December 31, 1983, the date of the application therefor, to be paid in periodic sums of $200 per week for two and one-half years; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the defendant husband is directed to commence making periodic payments of $200 per week 30 days after service upon him of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the matter is remitted to the Supreme Court, Queens County, for a de novo determination of the amount of retroactive child support and a determination of the amount of reasonable attorneys' fees expended by the plaintiff wife in connection with the sale of the Stony Creek property, in accordance herewith, and for a new determination of the parties' share of the proceeds from that sale.

The parties were married on October 5, 1974, and have two children. This action was commenced by the plaintiff former wife on December 31, 1983, and the parties were divorced pursuant to a judgment dated March 23, 1987, upon the defendant former husband's default in furnishing a net worth statement. The former husband eventually moved to vacate the default judgment, which motion was denied by order of the Supreme Court entered February 19, 1988. Upon the former husband's appeal, this Court reversed and granted the former husband's motion, to the extent of remitting the mat-ter to the Supreme Court, Queens County, for an inquest on the economic issues including, but not limited to, the issues of child support arrears due, maintenance, and equitable distri-bution of the parties' marital property *(see, Otto v Otto,* 150

AD2d 57, *supra).* The former wife and former husband appeal and cross-appeal, respectively, from the judgment of the Supreme Court entered upon remittitur.

We find no merit to the former husband's contention that it was error for the Supreme Court to apply the guidelines set forth in the Child Support Standards Act of 1989 (hereinafter the CSSA) retroactively to determine the amount of child support arrears for the period from December 31, 1983, through August 17, 1990 *(see, Matter of Borgio v Borgio,* 186 AD2d 131; *Matter of Fetherston v Fetherston,* 172 AD2d 831). We agree, however, that under the circumstances of this case, wherein the Supreme Court did not render the subject child support determination until approximately seven years after the commencement of the action, the amount of retroactive child support should be based on the husband's income for each year that child support is awarded. Because the record is not complete as to the husband's income for those years, we remit for a *de novo* determination of child support arrears, wherein it will be incumbent upon the husband to offer evidence of his income for the years in question. Lastly, although the former husband asserts that in determining the child support arrears due, the court should have considered that he was remarried and had a child from his second marriage, we note that during most of the period for which the child support arrears are due, the former husband did not have this other family obligation.

On her cross appeal, the former wife contends that the court should have awarded maintenance to her. The parties were married for more than 13 years, and since commencement of this action the former wife has had continual custody of the parties' infant children. Furthermore, the former wife is a waitress who lacks other skills and whose earnings have been limited. The former husband is a licensed plumber who earned over $50,000 in 1989. Upon a consideration of the factors enumerated in Domestic Relations Law § 236 (B) (6) (a) which provides that a court may order maintenance in appropriate cases after taking into account, *inter alia,* the duration of the marriage, the presence of children in the respective homes of the parties, the parties' respective incomes, and the present and future earning capacity of both parties, we find that an award of $100 per week for five years is appropriate *(see, Behan v Behan,* 163 AD2d 505). We note that the entire amount to be awarded in this case is due retroactively to the date of the application therefor and should be paid in periodic

sums as indicated above *(see,* Domestic Relations Law § 236 [B] [6] [a]).

The former wife also contends that she is entitled to a credit for the money she expended in maintaining the marital premises in College Point for the period of 1988-1989 while her former husband was residing there. We conclude that she should be credited with the sum of $7,144.64 representing the mortgage payments she made and the rent security she returned to one of the existing tenants less three months rent she received from this tenant before eviction. We further note that in calculating the parties' respective shares of the proceeds of the sale of the Stony Creek property, the Supreme Court did not credit the former wife with attorneys' fees incurred by her in connection with the sale of the property. The husband contends that the fees claimed by the wife were excessive. While we agree that the wife should be credited for reasonable attorneys' fees incurred in the sale of the property, we cannot determine on this record whether the fees in question were reasonable. We therefore remit the matter to the Supreme Court, Queens County, for a determination of reasonable attorneys' fees incurred by the former wife in connection with the sale of the Stony Creek property, to be credited to the wife from the proceeds of the sale.

We have reviewed the former wife's remaining contentions and find them to be without merit. Copertino, J. P., Santucci, Friedmann and Goldstein, JJ., concur.