■ In the Matter of Cynthia Urbach, Respondent, v Leonard Krouner, Appellant. [623 NYS2d 380] —Yesawich Jr., J. Appeals (1) from an order of the Family Court of Albany County (Tobin, J.), entered February 25, 1994, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for modification of respondent's support obligation, and (2) from an order of said court, entered May 20, 1994, which, in a proceeding pursuant to Family Court Act article 4, denied both parties' objections to the Hearing Examiner's findings.

By the terms of a stipulation entered into between the parties on August 6, 1986 and incorporated, but not merged, into their divorce decree dated September 19, 1986, petitioner was awarded custody of the parties' only child, Kenneth. The parties also agreed, *inter alia,* that respondent would pay child support of $125 per week for one year, and $175 per week thereafter; that petitioner would provide medical insurance for Kenneth and share in the cost of any orthodontic treatment deemed necessary; and that respondent would pay for all of the child's other uninsured medical expenses. In 1989, Family Court modified the stipulation by permitting

respondent to provide health insurance and take a credit against his child support obligation for his contribution in this regard.*

Respondent was awarded custody of Kenneth on November 2, 1989, and in 1990 respondent's support obligation was terminated, retroactive to that date. On March 22, 1991 he applied for support from petitioner and, in an order dated July 25, 1991 and retroactive to the date of application (hereinafter the 1991 order), Family Court ordered petitioner to pay $25 per month, in accordance with the provisions of the Child Support Standards Act (hereinafter CSSA) (see, Family Ct Act § 413) No explicit direction was given with respect to health insurance premiums or payment of uninsured medical expenses.

In 1992, custody of Kenneth was returned to petitioner, who then applied for modification of the 1991 order on the basis of the change of custody, and asked that respondent be directed to pay child support as provided by the CSSA. Respondent cross-petitioned to obtain reimbursement for health insurance premiums he had paid on behalf of Kenneth, and for half of Kenneth's orthodontic expenses. A temporary support order was entered. After a hearing, the Hearing Examiner determined, *inter alia,* that the restoration of custody to petitioner warranted reinstatement of the support provisions set forth in the parties' 1986 stipulation agreement. After considering respondent's objections, Family Court found the Hearing Examiner's reversion to the terms of the stipulation to be erroneous, and remitted the matter so that respondent's child support obligation could be redetermined pursuant to the CSSA.

The Hearing Examiner issued a revised determination, and again both parties objected on various grounds. Respondent continued to insist that, because custody had been returned to petitioner—and in the absence of a showing that there had been an unreasonable or unanticipated change in circumstances, or that Kenneth's needs were not being met—the court was constrained to abide by the terms of the parties' prior agreement. Family Court rejected these arguments, and respondent appeals from the resulting order confirming the

---

* The initial order permitting respondent to take credit for the amount he had been paying for insurance premiums, dated February 21, 1989, was modified slightly by an order dated May 19, 1989, which set the amount of the credit at $249.57 per month; these orders are hereinafter referred to collectively as "the 1989 orders".

Hearing Examiner's revised disposition, as well as from the court's previous order remitting the matter for redetermination.

Respondent's reliance upon *Matter of Mooers v Mooers* (105 AD2d 561), a case which preceded enactment of the CSSA, is misplaced, for there neither party had, at any point prior to the application being considered by the court, sought or received child support except in accordance with the very terms of their agreement. Family Court correctly found in that case that the mere change in custody was not an unanticipated and unreasonable change in circumstances and, therefore, that modification of the agreement was not warranted.

Here, however, petitioner does not seek to modify the support provisions of the agreement, but rather to modify the 1991 order, which superseded the parties' stipulation with respect to all aspects of Kenneth's support *(see, Riseley v Riseley,* 208 AD2d 132, 134-135). The standards invoked in *Mooers (see, Matter of Boden v Boden,* 42 NY2d 210; *Matter of Brescia v Fitts,* 56 NY2d 132) are not applicable when a party requests modification of a prior court order (as opposed to a contract to which he or she has assented); all that must be shown is that there has been a substantial change in circumstances justifying modification in the child's best interest *(see,* Family Ct Act § 461 [b] [ii]; *Matter of Valek v Simonds,* 174 AD2d 792, 793; *Matter of Vitek v Vitek,* 170 AD2d 908, 909). Because the change in custody that occurred here clearly satisfied these criteria, Family Court did not err in granting the petition and requiring that support be calculated in accordance with the provisions of the CSSA *(see, Matter of Meyer v Meyer,* 205 AD2d 784; *Riseley v Riseley,* 173 AD2d 1103, 1104).

Respondent next argues that he should be allowed a credit for certain health insurance premiums and orthodontic expenses he paid on behalf of Kenneth. Inasmuch as health insurance premiums are not proper add-ons under the CSSA *(see, Chasin v Chasin,* 182 AD2d 862, 863), respondent is not entitled to be reimbursed for the amount he spent to provide this benefit after March 22, 1991, the effective date of the 1991 order which granted his petition for support in accordance with the statutory formula. And inasmuch as that order —to which it appears, insofar as may be determined from the record, that no objection was registered—made no provision for payment of orthodontic or other medical expenses, respondent's request for reimbursement of the payments he made to Kenneth's orthodontist after its effective date is likewise to no avail.

Despite petitioner's arguments to the contrary, however, neither the 1989 orders, nor the 1990 order that terminated respondent's duty to make support payments to petitioner, affected her obligation to provide health insurance; the 1989 orders, which confirmed this as petitioner's responsibility and quantified it on the basis of the proof presented, remained effective during this period, except to the extent that they were modified by the 1990 order, which only addressed respondent's duty to pay. The portion of the agreement which imposed upon petitioner a duty to share responsibility for Kenneth's orthodontic expenses was also controlling until it was superseded by the 1991 order. Consequently, until then, petitioner was obliged to provide Kenneth with health insurance and to pay for one half of his orthodontic bills, and respondent is therefore entitled to a credit of $4,159.58, representing 16⅔ payments of $249.57, the amount of the monthly credit to which Family Court had found him entitled in its May 1989 order, plus $877.50, one half of the amount he paid for orthodontia between March 27, 1990 and March 22, 1991. The arrearage that has accrued since the date of petitioner's application for support should be adjusted accordingly.

Respondent's other contentions have been considered and found to be without merit, as has petitioner's application for sanctions. Because petitioner's request for appellate counsel fees should be directed to the court of original instance, we have not entertained that request (see, Gutman v Gutman, 24 AD2d 758).

Mercure, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the order entered February 25, 1994 is affirmed, without costs. Ordered that the order entered May 20, 1994 is modified, on the law, without costs, to the extent that respondent's objections are granted insofar as indicated herein and respondent is granted a credit against the arrearage due in the amount of $5,037.08, and, as so modified, affirmed.