■ In the Matter of IRENE M. THOMAS, Respondent, v JOHN A. DEFALCO, Appellant. [703 NYS2d 530] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Trainor, J.), dated September 10, 1998, which denied his objections to an order of the same court (Buse, H.E.), dated June 22, 1998, granting the mother's petition for an upward modification of child support.

Ordered that the order is affirmed, with costs.

The stipulation of settlement between the parties provided that the mother would have custody of the parties' two daughters and the father would have custody of the parties' son. Approximately six years later, custody of the parties' son

was transferred to the mother, and the mother filed a petition for an upward modification of child support.

The Hearing Examiner properly granted the mother's petition for an upward modification of child support (*see, Merl v Merl,* 67 NY2d 359, 362; *Matter of Brescia v Fitts,* 56 NY2d 132, 138; *Matter of Boden v Boden,* 42 NY2d 210, 213). Contrary to the appellant's contention, the Hearing Examiner properly based her calculations on the Child Support Standards Act (*see,* Family Ct Act § 413) (hereinafter CSSA). Application of the CSSA to calculate child support is mandatory in determining modification petitions (*see, Matter of Alice C. v Bernard G. C.,* 193 AD2d 97; *Matter of Howard v Howard,* 186 AD2d 132; *Matter of Rathbun v Winchell,* 183 AD2d 948; Family Ct Act § 413 [1] [b] [5]).

The Hearing Examiner properly found that the appellant's income was greater than that to which he testified to during the hearing (*see, Matter of Mobley-Jennings v Dare,* 226 AD2d 730; *Perretta v Perretta,* 203 AD2d 668; *Matter of Gallager v Flaherty,* 220 AD2d 867; *Jose R. D. v Elizabeth R. D.,* 197 AD2d 457; *Matter of Ladd v Suffolk County Dept. of Social Servs.,* 199 AD2d 393, 394). A court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed (*see, Matter of Mobley-Jennings v Dare, supra; Matter of Vetrano v Calvey,* 102 AD2d 932, 933; *Felton v Felton,* 175 AD2d 794; *Rosenberg v Rosenberg,* 155 AD2d 428). O'Brien, J. P., Joy, Florio and H. Miller, JJ., concur.