Anonymous v Anonymous (2019 NY Slip Op 08494)





Anonymous v Anonymous


2019 NY Slip Op 08494


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Richter, J.P., Manzanet-Daniels, Gische, Webber, Kern, JJ.


10409 110905/11

[*1] Anonymous, Plaintiff-Appellant,
v
Anonymous, Defendant-Respondent.


Law Office of Howard Benjamin, New York (Howard Benjamin of counsel), for appellant.
Glenn S. Koopersmith, Garden City, for respondent.



Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered on or about July 25, 2018, which, to the extent appealed from as limited by the briefs, awarded plaintiff mother additional child support of $2,895 per month for the parties' third child, unanimously affirmed, without costs.
The parties, who were never married and never lived together, entered into a child support agreement in 2011 that required the father to pay a flat $9,000 per month, inclusive of all add-ons, in child support for their two children, who lived exclusively with the mother. The parties waived application of the Child Support Standards Act's (CSSA) prescription for determining the combined parental income cap (from which the basic child support obligation is derived) (Family Court Act § 413[1][c][2]), implicitly setting the cap at $432,000. Calculated according to the CSSA, which sets the child support percentage of combined parental income up to the cap at 25% for two children (see id. at § 413[1][b][3][ii]), $108,000 per year ($9,000 per month) is 25% of $432,000.
In 2015, the parties reaffirmed the father's $9,000 monthly child support obligation in an amended agreement. Later that year, the parties had another child, who also lives exclusively with the mother. However, the parties could not reach agreement about the father's child support obligation for their third child, and the mother commenced this proceeding for a determination of that obligation.
In calculating the award of child support to be paid by the father for the third child, the trial court properly determined that, under the CSSA, the presumptive amount of child support for three children in the same household is 29% of the combined parental income up to the cap (see id. at §§ 413[1][b][3][iii]; 413[c][2]; Matter of Thomas v DeFalco , 270 AD2d 277 [2d Dept 2000]; Matter of Commissioner of Social Servs. of City of N.Y. v Raymond S. , 180 AD2d 510 [1st Dept 1992]). The court also properly applied a 12% cost of living increase to the combined parental income cap of $432,000 to arrive at a combined parental income cap of $483,840. The court then determined the father's additional basic child support obligation for the third child by calculating 29% of $483,840 and subtracting the amount the father currently pays for the first two children, arriving at the figure $2,895.
Contrary to the mother's contention, taking the statutory 29% of the combined parental income up to the cap and dividing by three does not shortchange the first two children, thereby improperly effecting a downward modification of the father's obligation. The statutory percentage, which the court was required by the CSSA to use (Family Court Act § 413[1][a]), "reflect[s] the effect of economy of scale, which works like this: If one child requires 17 percent of income, two children in the same household do not require 34 percent. This is because there are duplicated costs, and the cost per child is less when two or more children live in the same household. Hence, the figure of 25 percent for two children, rather than 34 percent" (Matter of Commissioner of Social Servs. of City of N.Y. v Manuel S. , 180 AD2d 510, 514 [1st Dept 1992] [internal quotation marks omitted]).
Nor, contrary to the mother's contention, did the court set the combined parental income cap arbitrarily. The court fully articulated its rationale, including its reasoning that the parties implicitly projected the lifestyle of their children in common when they effectively set the cap at $432,000 in 2011. The mother failed to prove that the third child's actual needs exceeded the additional child support award.
We have considered the mother's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK