■ In the Matter of HOPE E. AHRENS, Respondent, v LAURENCE J. AHRENS, Appellant.—Yesawich, Jr., J. Appeal from an order of the Family Court of Schenectady County (Litz, J.), entered September 12, 1984, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, and directed an upward modification of respondent's child support payments.

An April 1981 order of Family Court directed respondent to pay a total of $45 per week for the support of his children. Three years later, his former wife, the petitioner herein, instituted this proceeding for upward modification of the child support award; at this point in time the children were nine, eight and five years old. The matter proceeded to a hearing at which the proof established that respondent's gross annual earnings had increased from $11,028.30 for 1981 to $15,013.20 for 1983, and had continued at approximately the latter level during the first six months of 1984. By contrast, petitioner's income has declined from approximately $175 per week in 1981 to $109 per week in 1984; she is also receiving public assistance on an irregular basis and in varying amounts.

Family Court increased respondent's support obligation to $90 per week. While finding the liability aspect of both par-

ties' financial statements inflated, the court noted that respondent's capacity to pay had improved, petitioner's ability to provide economic assistance had diminished, and the children had a need for more paternal support. Respondent now appeals, claiming primarily that petitioner's evidence was insufficient to justify augmenting the earlier support order.

We affirm. Contrary to respondent's principal argument, a finding of a "substantial" increase in his income is not the *sine qua non* for a modification of his support obligation. Rather, petitioner had the burden of demonstrating only "that a change in circumstances has occurred warranting the increase in the best interests of the child" *(Pfleger v Westfall,* 90 AD2d 978; *accord, Matter of Michaels v Michaels,* 56 NY2d 924). The facts proven at the hearing, as articulated by Family Court in its bench decision, evince such a change and justify the modification.

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.