■ RITA LINDER, Also Known as RITA L. BERKLEY, Appellant, v MICHAEL LINDER, Respondent.—In a proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Kings County (Jurow, J.), dated June 21, 1984, which, *inter alia,* confirmed a hearing examiner's report dated March 15, 1984, recommending denial of her petition for upward modification of child support, and denied her motion to permit the late filing of objections to said report.

Order affirmed, without costs or disbursements.

Having initially elected to represent herself in the instant proceeding wherein she sought an upward modification in child support, the petitioner cannot now be heard to complain of the consequences of her decision. Thus, we reject the petitioner's contention that the hearing examiner's report, which recommended denial of her request for increased child support, should be set aside due to the inadequacy of her own self-representation at the hearing. Furthermore, we note that contrary to the petitioner's contentions, the court was not under any obligation to specifically inform her of her right to retain a lawyer, of which she was nonetheless admittedly aware *(see,* Family Ct Act § 433). Additionally, we note that the court's rejection of the petitioner's objections, which were filed after an extension of time to file objections had expired, did not constitute an abuse of discretion. Weinstein, J. P., Niehoff, Lawrence and Kooper, JJ., concur.

■ MANNIX INDUSTRIES, INC., Appellant, v MIRIAM POPACK et al., Respondents.—Order of the Supreme Court, Kings County (Monteleone, J.), dated March 8, 1985, affirmed, without costs or disbursements *(cf. Metro Envelope Corp. v Westvaco,* 72 AD2d 695, 696). Weinstein, J. P., Niehoff, Lawrence and Kooper, JJ., concur.