■ In the Matter of CONSTANCE B. RUBINSTEIN, Respondent, v GEORGE V. BATES, III, Appellant.—In a support proceeding pursuant to Family Court Act article 4, *inter alia,* to modify the child support provisions of a judgment of divorce dated

July 2, 1980, the father appeals, as limited by his brief, from stated portions of an order of the Family Court, Putnam County (Braatz, J.), dated March 8, 1985, which, *inter alia,* after a hearing, (1) increased his obligation to pay child support from $75 per week to $100 per week for the 44 weeks per year during which the mother has custody of the child, (2) directed that each party pay and be responsible for one half of any uninsured or unreimbursed medical expenses of the child, provided that neither party incur more than $50 as an expense for any one medical treatment without prior notification to the other party, except in medical emergencies, and awarded the mother counsel fees in the sum of $500.

Ordered that the order is affirmed insofar as appealed from, with costs.

We concur with the determination of Family Court that in view of the substantial increase in both the income of the father and the needs and activities of the child, an upward modification of the child support award was warranted in order to insure adequate support for the child *(see, Matter of Michaels v Michaels,* 56 NY2d 924; *Matter of Brescia v Fitts,* 56 NY2d 132). We likewise perceive no basis to disturb the provision directing the father to pay one half of any uninsured or unreimbursed medical expenses of the child. The court did not abuse its discretion in denying the father's application to obtain further pretrial discovery with respect to the mother's finances. Finally, the award of counsel fees, inasmuch as it was supported by the affidavit of counsel and by the relative financial circumstances of the parties, was properly made *(see, Silver v Silver,* 63 AD2d 1017). Thompson, J. P., Niehoff, Weinstein and Eiber, JJ., concur.