■ PAMELA J. McNEELA, Respondent-Appellant, v MARTIN R. McNEELA, Appellant-Respondent.—In a matrimonial action, the defendant husband appeals from (1) an order of the Supreme Court, Kings County (Potoker, J.), dated August 25, 1986, which, *inter alia,* granted the plaintiff wife's application to modify the child support provisions set forth in a stipulation dated May 14, 1984, and (2) an order of the same court (Corso, J.), dated February 27, 1987, which, *inter alia,* fixed arrears and child support at $1,590. The plaintiff wife cross-appeals from so much of the order dated August 25, 1986, as modified the amount of child support, on the ground of inadequacy.

Ordered that the orders are affirmed, with one bill of costs payable to the plaintiff wife.

The Supreme Court, Kings County, properly granted the plaintiff's application for a modification of the child support provisions of a stipulation. In view of the substantial increase in both the income of the defendant and the needs of the children, including unforeseen dental expenses for orthodonture, an upward modification of the child support award was warranted in order to insure adequate support *(see, Matter of Rubinstein v Bates,* 128 AD2d 536). In considering the responsibility for child support, the court considered the relative earnings of the parties. Here the defendant had risen from a lieutenant to a captain in the police department, with a significant salary increase. The responsibility for the children was left to the plaintiff. She also maintains the jointly owned house wherein she and the children reside.

The defendant's contention that there is no need to send the children to a private school is without merit. Prior to the divorce the defendant had agreed to pay for the cost of sending the children to the parochial school. Under the circumstances of this case, the husband should not be relieved of this obligation *(see, Valente v Valente,* 114 AD2d 951). The defendant has failed to demonstrate that he is not financially capable of continuing this payment. For the husband to prevail he must demonstrate that he will suffer an extreme

hardship if he is compelled to pay the tuition *(see, Heath v Heath,* 128 AD2d 587). This he has not done.

There is no merit to the plaintiff's contention that the award was insufficient. The award of counsel fees, in view of the plaintiff's straightened financial circumstances, was properly made *(Matter of Rubinstein v Bates, supra).* Rubin, J. P., Kooper, Sullivan and Harwood, JJ., concur.