■ In the Matter of DONNA POPP, Respondent, v CARL RAITANO, Appellant.—In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Bellantoni, J.), entered October 25, 1988, which granted the mother's application for an upward modification of a prior child support order.

Ordered that the order is affirmed, without costs or disbursements.

In 1986, the Family Court issued an order which, among other things, directed the father to pay $212 per month in child support. In 1987, the mother sought an increase in child support on the ground that the cost of caring for the child had increased. Adopting the recommendations of a Hearing Examiner, the Family Court ordered that the father's child support obligation be increased to $195 per week.

In his objections to the Hearing Examiner's decision, the father alleged that the increase in child support was excessive, and this argument is now repeated on appeal. The evidence contained in the record includes proof that in 1987 the father's business had gross receipts of approximately $123,000, and had a net profit of approximately $61,000. There is thus factual support for the Family Court's determination that the father had a personal income for 1987 in the sum of approximately $61,000. This represents a significant increase over the father's 1986 income, since in that year his business made a profit of approximately $27,000, derived from gross receipts of approximately $61,000. While not itself determinative, this increase in the respondent's income may be considered as one factor in deciding whether an upward modification of child support was warranted (see, Matter of Rubinstein v Bates, 128 AD2d 536; Matter of Ahrens v Ahrens, 119 AD2d 942).

Furthermore, the evidence in the record supports the Family Court's determination that the cost of caring for the parties' child had increased. The mother testified that she had been forced by her former landlord to move out of her previous apartment which had cost $250 per month and that she had to move into a more expensive apartment costing $800 per month. She also testified that she had found full-time employment which requires her to pay a substantial amount for day care. We recognize that the mother, having found employment, is herself more financially able to provide support. We nevertheless conclude, having considered the relevant factors (see, 12 Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac, Family Court Proceedings § 15.03 [2]) that the Family Court properly increased the father's child support obligations in the amount indicated.

The father also objected to the Hearing Examiner's decision on the grounds that he had been deprived of his right to counsel. In response, the mother averred that both parties had been advised of their right to retain counsel when they first appeared in the Family Court, well in advance of the commencement of the hearing. The father now concedes that he had been advised of his right to counsel prior to the hearing.

Under these circumstances, we conclude that the Family Court properly advised the father of his right to counsel *(see,* Family Ct Act § 433 [a]).

We also conclude that the Hearing Examiner did not improvidently exercise his discretion in refusing to grant a continuance when the father attempted to exercise his right to counsel for the first time in the middle of the hearing. "When the right [to counsel] is asserted after proceedings have been begun * * * it rests within the discretion of the Trial Judge to determine whether to grant such request" *(Matter of Silvestris v Silvestris,* 24 AD2d 247, 249; *see also, Linder v Linder,* 122 AD2d 27; *Matter of Roth v Roth,* 45 AD2d 758). The Hearing Examiner did not improvidently exercise his discretion in this case. Bracken, J. P., Harwood, Miller and Ritter, JJ., concur.