In the Matter of CECILLE MILLER, Respondent, v MELVYN J. DAVIS, Appellant.—In a proceeding for the upward modification of an award of child support, the father appeals from an order of the Family Court, Nassau County (De Maro, J.), entered March 15, 1991, which denied his objections to an order of the same court (Bannon, H.E.), which, after a hearing, increased his weekly child support obligation from the sum of $38 to the sum of $131 per week, and directed him to pay an additional $14 per week to satisfy arrears.

Ordered that the order entered March 15, 1991, is affirmed, without costs or disbursements.

Based upon a change in circumstances, the petitioner mother, appearing *pro se,* sought the upward modification of an award of child support set five years previously. After hearing the witnesses and evaluating the evidence submitted, the Hearing Examiner determined that a change in circumstances warranting an increase in child support had, indeed, occurred, and applied the Child Support Standards Act to arrive at the appropriate amount *(see,* Family Ct Act § 413). The Family Court Judge concurred with the Hearing Examiner's findings.

A review of the record reveals that the petitioner met her burden of establishing the change in circumstances warranting an increase in support in the best interests of the child *(see, Matter of Michaels v Michaels, 56 NY2d 924, 926; Matter of Brescia v Fitts, 56 NY2d 132, 140-141)*. The petitioner testified to specific increases in the costs related to the child's basic necessities of food, shelter, clothing and medical and dental needs, as well as to the expenses associated with the child's varied interests and school activities. She provided the specific dollar amounts of the increases for many items, rather

than relying on generalized claims of increases due to the child's maturity or inflation (see, *Labita v Labita,* 147 AD2d 535, 536; *Deacutis v Cuomo,* 79 AD2d 595).

Regarding the father's claim that his increased expenses prevented him, in the absence of a concomitant increase in income, from contributing more toward his child's support, the court also heard and evaluated that testimony, and reached a different conclusion. Since the Hearing Examiner was in the best position to evaluate the evidence as well as the witness's credibility (see, *Creem v Creem,* 121 AD2d 676, 677; *Hendrey v Hendrey,* 110 AD2d 753), we decline to disturb its findings on this issue (see, *Matter of La Blanc v La Blanc,* 96 AD2d 670).

Family Court Act § 513, applicable to the instant proceeding, directs the court to make an award of child support pursuant to Family Court Act § 413, which section incorporates the Child Support Standards Act (see, Family Ct Act § 413 [1] [a]-[k]). Family Court Act § 413 (1) *(l)* states that the Child Support Standards set forth in paragraphs (a) through (k) shall not constitute the grounds for the modification of a support order made prior to the effective date of the Child Support Standards Act. However, where, as here, the circumstances warrant a modification, the Child Support Standards Act "shall" apply (Family Ct Act § 413 [1] [e]). Consequently, we find that the court correctly applied it in the instant proceeding for upward modification. Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.