■ In the Matter of KATHLEEN MCFARLANE, Respondent, v RICKY MCFARLANE, Appellant.—Casey, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered April 9, 1990, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify a previous order of support.

Respondent objects to the order increasing his child support payments from $40 per week to $55 per week for the parties' two children, who reside with petitioner. According to respondent, petitioner did not meet her burden of proving a substantial change in circumstances, which is necessary to justify an upward modification of the prior child support order *(see, Matter of Vitek v Vitek,* 170 AD2d 908, 909). We conclude, however, that the record contains sufficient evidence to support the finding that the increased interests and activities of the children, who are considerably older than they were when

respondent's support obligation was originally fixed at $40 per week pursuant to a stipulation, resulted in an increase in the needs of the children.

The $40 per week support obligation was originally established in 1984 when the parties' children's ages were approximately 7 and 1. When petitioner applied to have the support obligation increased in November 1989, the children were involved in various activities, such as scouting, church activities and school trips, which required additional expenditures by petitioner over and above the necessary clothing, food and shelter costs. In addition, the oldest child is academically talented and has been invited to participate in an enrichment program which would allow him to enroll in courses offered by the local Board of Cooperative Educational Services and the local community college, but there are tuition and transportation costs associated with this program. Although the evidence did not show the type of change in either parties' income which would be sufficient, in and of itself, to justify a modification, the evidence of the children's increased needs was sufficient. The matter must, however, be remitted to Family Court for further proceedings on the issue of the amount of respondent's child support obligation, using the standards contained in Family Court Act § 413 (see, Matter of Valek v Simonds, 174 AD2d 792).

Levine, J. P., Mercure and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Warren County for further proceedings not inconsistent with this court's decision.