■ ARLENE ZUCKER, Respondent, v LEWIS ZUCKER, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated September 24, 1984, the defendant husband appeals from (1) an oral decision of the Supreme Court, Nassau County (Robbins, J.), dated May 30, 1991, which, *inter alia,* determined that his cross motion for a change in custody should be denied, (2) an order of the same court dated September 24, 1991, which amended a decision of the same court, dated August 5, 1991, which, determined that the plaintiff wife's motion for an increase in child support should be granted, and the amount awarded as child support should be recomputed pursuant to the Child Support Standards Act, and (3) an order and judgment (one paper) of the same court dated September 24, 1991, entered on the decisions which, (a) denied the defendant's cross motion for a change in custody, (b) granted the plaintiff's motion for an upward modification of child support and directed the defendant to pay $189.99 per week commencing May 28, 1991, (c) awarded the plaintiff $3,239.19 in child support arrears, and (d) awarded the plaintiff $25,000 in counsel fees.

Ordered that the appeal from the oral decision dated May 30, 1991, is dismissed, without costs or disbursements, as no appeal lies from a decision; and it is further,

Ordered that the appeal from the order dated September 24, 1991, is dismissed, without costs or disbursements; and it is further,

Ordered that the order and judgment is modified, in the exercise of discretion, by reducing the award of counsel fees from $25,000 to $7,500; as so modified, the order and judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the order and judgment *(see,* CPLR 5501 [a] [1]).

Based upon a change in circumstances, the plaintiff sought the upward modification of an award of child support set over four years earlier. Immediately thereafter, the defendant cross-moved for a change in custody. After hearing the witnesses and evaluating the evidence submitted, the trial court denied the defendant's cross motion for a change in custody and determined that a change in circumstances warranting an increase in child support had, indeed, occurred. The court then applied the Child Support Standards Act to arrive at the appropriate amount *(see,* Domestic Relations Law § 240 [1-b] [1]).

It is beyond cavil that the totality of the circumstances is to be considered in determining whether custody should be changed, with the preeminent concern being the best interests of the child *(see, Eschbach v Eschbach,* 56 NY2d 167, 171; *Friederwitzer v Friederwitzer,* 55 NY2d 89). While the expressed preference of a child is a factor to be considered *(see, Eschbach v Eschbach, supra),* particularly when that expression is freely given *(see, Ira K. v Frances K.,* 115 AD2d 699), it is by no means determinative *(see, Eschbach v Eschbach, supra; Matter of Robert T. F. v Rosemary F.,* 148 AD2d 449). There is no question that the parties' two minor children expressed a strong preference to reside with their father. However, there existed an equally strong possibility that the defendant was exerting pressure on the children to declare their allegiance to him *(see, Matter of Robert T. F. v Rosemary F., supra,* at 451; *Matter of Nehra v Uhlar,* 43 NY2d 242, 249). Because there are no countervailing circumstances that would warrant a change in the custodial arrangement that has existed for the past seven years, we find that the trial court's determination was proper.

The plaintiff met her burden of establishing the change in circumstances warranting an increase in child support *(see, Matter of Michaels v Michaels,* 56 NY2d 924, 926; *Matter of*

*Brescia v Fitts,* 56 NY2d 132, 140-141). While a generalized claim that a child's needs have increased as the child has matured or as a result of inflation does not warrant an upward modification of child support *(see, Labita v Labita,* 147 AD2d 535, 536; *Deacutis v Cuomo,* 79 AD2d 595), the record contains sufficient evidence of specific increased expenses relating to the children's involvements in various activities, such as music lessons, Karate lessons, football, Hebrew School, Bar Mitzvah lessons and summer camp. The plaintiff provided the specific dollar amounts of the increases for each item *(see, Matter of Brescia v Fitts, supra,* at 140; *Matter of McFarlane v McFarlane,* 180 AD2d 1024; *Matter of Miller v Davis,* 176 AD2d 945).

With respect to the plaintiff's application for attorney's fees, we find that the Supreme Court improvidently exercised its discretion by directing the defendant to pay the sum of $25,000 to her. Under the circumstances of this case, including the relatively similar financial circumstances of the parties, the court's finding that the cross motion for a change in custody was retaliatory in nature, and the inability of the defendant to afford the full amount of the fees incurred by the plaintiff, we modify the award by decreasing the same from $25,000 to $7,500.

We have examined the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.