■ In the Matter of ALLEN KRUGMAN, Appellant, v PATRICIA ST. ONGE, Respondent.—In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Berler, J.), entered June 8, 1990, which (1) vacated an order of the same court (Barton, H.E.), entered December 15, 1989, which, after a hearing, granted a child support award payable by the mother to the father, and (2) dismissed the father's petition seeking child support from the mother.

Ordered that the order entered June 8, 1990, is affirmed, with costs.

On October 14, 1983, the parties, the parents of two children, entered into a separation agreement, providing that the father would pay $100 per month in child support and $300 per month in maintenance to the mother. The separation agreement also provided that the father would pay "all of the children's medical and dental costs, and for all of the children's clothing and fees or costs required for their activities including but not limited by reason of specification, dancing school, scouting, etc., until the children reach twenty-one (21) year of age".

The parties were divorced by judgment entered December 22, 1986. The judgment recited that the separation agreement, and a stipulation dated August 1, 1986, "shall survive and shall not be merged in this judgment". On September 16, 1988, the parties amended the separation agreement, agreeing that the father would have residential custody of the children and that he would open a trust account for the children's college education, contributing $50 per month to the account. The amendment further provided that the father's obligation to pay child support of $100 per month was terminated, and, according to the testimony of the parties, the father's obligation to pay maintenance of $300 per month was terminated at about that time.

Approximately three months after the amendment to the separation agreement, on January 12, 1989, the father filed the instant petition for child support from the mother. After a hearing, by order dated December 15, 1989, a Hearing Examiner granted the father's petition, directing that the mother

pay $104.36 per week to the father, toward the support of the children. The mother subsequently filed objections to the order of the Hearing Examiner. By order entered June 8, 1990, the Family Court vacated the order of the Hearing Examiner, and dismissed the father's petition, finding that the father failed to establish that a substantial change in circumstances had occurred from the date of the amendment to the separation agreement to the date the petition was filed. We agree. Only three months elapsed from the time the father agreed to terminate his child support payments, in exchange for the permanent residency of the two children. While the father contended that his expenses had risen since the children moved in with him, he failed to demonstrate that he did not anticipate the expenses involved in having the children live with him and that a modification of the parties' agreements was warranted. The father is no longer liable for support or maintenance payments, and, in the meantime, the mother has lost her job, and become financially dependent upon a new husband. In view of the circumstances, coupled with due regard to the assumption that the children's needs were adequately anticipated at the time of the parties' agreements *(see, Matter of Brescia v Fitts,* 56 NY2d 132), the order of the Family Court is affirmed. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.