■ In the Matter of BARBARA J. CHARIFF, Appellant, v CLIFFORD H. CARL, Respondent. [594 NYS2d 377] —Weiss, P. J. Appeal from an order of the Family Court of Broome County (Kepner, Jr., J.), entered March 30, 1992, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify a previous order of child support.

The parties, divorced in 1981, have two children which were the subject of a 1983 Family Court order of support. That order provided for payment by respondent of $75 per week, together with provision for medical, dental and prescription expenses. That determination was based in part upon a finding that respondent's total income in 1982 was less than $8,000.

By petition dated August 13, 1990, respondent sought downward modification of his child support obligation because Wendy, his oldest daughter, reached the age of 21. Petitioner cross-petitioned for an upward modification, alleging that respondent's current income exceeded $150,000 and that the cost of care for Julie, the younger child, had increased significantly in the eight years following the earlier order and was expected to increase further. Family Court granted respondent's petition, but failed to make any determination of the amount of support to be paid for Julie and dismissed petitioner's cross petition, finding that she had submitted only evidence of respondent's increased income but failed to show Julie's current needs or other change in circumstances. Petitioner appeals from the dismissal of her petition. Petitioner contends that the dramatic increase in respondent's income alone is indeed sufficient for a modification of child support. She further contends that the granting of relief to respondent

for a downward modification requires the application of the Child Support Standards Act *(see,* Family Ct Act § 413).

State law provides for child support based upon the reasonable needs of the child and the means of the parents *(see,* Family Ct Act § 413; *see also, Matter of Commissioner of Social Servs. v Segarra,* 78 NY2d 220, 226). Child support is not a one-sided obligation placed upon a single parent, but rather an evaluation of the means and responsibilities of both parents and the needs and best interest of the child *(see, Tessler v Siegel,* 59 AD2d 846, 847). A substantial improvement in the noncustodial parent's income and financial condition is, in and of itself, an independent ground sufficient to sustain an increase in the amount of child support that such parent is required to pay *(see, Eisen v Eisen,* 48 AD2d 652, 653; *Matter of Delli Veneri v Delli Veneri,* 40 AD2d 735; *Matter of Handel v Handel,* 32 AD2d 946, 947, *affd* 26 NY2d 853; *see also, Matter of McFarlane v McFarlane,* 182 AD2d 1024, 1025; *Matter of Swerdloff v Weintraub,* 26 AD2d 826). Here, respondent has acknowledged more than a six-fold increase in his income and the record reveals that he possesses substantial holdings and may have income even in excess of that discernible from his disclosure. Accordingly, the order must be reversed and the matter remitted to Family Court for further proceedings not inconsistent with this decision.

Levine, Mercure, Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.