■ In the Matter of GENEVIEVE TRINGALI, Respondent, v RALPH PIRRI, Appellant. [598 NYS2d 992] —In a proceeding for upward modification of child support, the father appeals from an order of the Family Court, Suffolk County (Hall, J.), dated December 5, 1990, which overruled his objections to (1) an order of the same court (Silverman, H.E.), dated September 12, 1990, which, after a hearing, *inter alia,* increased his child support obligations from $73 per week to $100 per week, and (2) an order of the same court (Silverman, H.E.), dated August 1, 1990, which directed him to pay $2,000 in counsel fees.

Ordered that the order is reversed, on the law and the facts, with costs, the objections to the orders dated September 12, 1990, and August 1, 1990, respectively, are sustained, those orders are vacated, and the petition for an upward modification of child support is dismissed.

We agree with the father that the mother failed to meet her burden of showing an unanticipated and unreasonable change in circumstances *(see, Matter of Boden v Boden,* 42 NY2d 210), or that the needs of the parties' child could not adequately be met without an increase in child support *(see, Matter of Brescia v Fitts,* 56 NY2d 132; *Michaels v Michaels,* 56 NY2d 924; *Matter of Krugman v St. Onge,* 190 AD2d 734; *Zucker v Zucker,* 187 AD2d 507; *cf., Matter of Berg v O'Leary,* 193 AD2d 732). Nor did she establish a substantial change in circumstances occurring since the father's child support obligation was modified in 1981. Indeed, it appears from the record that the parties' relative financial circumstances with respect to each other have not substantially changed. Further, the father's child support obligation has increased periodically since 1981, pursuant to an escalation clause in the original separation agreement.

Considering the petition's lack of merit, the relative economic positions of the two parties, and the absence of proof of the mother's inability to pay, we also conclude that the court

improvidently exercised its discretion in awarding attorneys' fees *(see, e.g., Sementilli v Sementilli,* 102 AD2d 78, 91; *Wacholder v Wacholder,* 188 AD2d 130). Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.