■ In the Matter of OLIVIA ADAMS-EPPES, Respondent, v DELANO FULTON, Appellant. [600 NYS2d 140] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Schindler, J.), dated January 31, 1991, which denied his

objections to an order of the same court (Marchetti, H.E.), dated December 10, 1990, granting the mother's motion for upward modification of child support to the amount of $462 biweekly after a hearing.

Ordered that the order is affirmed, without costs or disbursements.

This appeal arises from the mother's application in 1990 for upward modification of an award of child support of $140 biweekly, set in a prior order dated December 19, 1988. At the hearing, both parties appeared *pro se* and, upon questioning by the Hearing Examiner, the mother testified with respect to her increased food, clothing, and housing costs in raising the parties' child. The Hearing Examiner also received into evidence documentation regarding the then-current respective incomes of the parties, as well as the father's court-ordered obligation to pay support for the child of a marriage to another woman. Based upon this information, and after unsuccessfully attempting to negotiate an agreement between the parties, the Hearing Examiner granted the mother's application for an upward modification of child support in accordance with the Child Support Standards Act *(see,* Family Ct Act § 413 [1] [a], [b]).

Contrary to the father's contention on appeal, we find that the mother met her burden by establishing a change in circumstances sufficient to warrant an upward modification in child support *(see,* Family Ct Act § 461 [b] [ii]). Where, as here, the movant has set forth specific increased expenses, as opposed to merely a general allegation that the passage of time has resulted in enhanced expenditures for the child, the request for upward modification will generally be approved *(see, Zucker v Zucker,* 187 AD2d 507; *Matter of Miller v Davis,* 176 AD2d 945). We also find that the Hearing Examiner correctly took into account the fact that the father's income had significantly increased since the date of the last support order in 1988 *(see, Zucker v Zucker, supra).*

The father makes various allegations regarding the conduct of the hearing. However, the hearing was in substantial compliance with the directives of the Family Court Act *(see, Matter of Williams v Williams,* 133 AD2d 876). Moreover, since the father chose to represent himself at the hearing, the resultant award will not be set aside due to the inadequacy of that self-representation *(see, Linder v Linder,* 122 AD2d 27).

We have considered the father's remaining contentions and find them to be without merit. Rosenblatt, J. P., Copertino, Santucci and Joy, JJ., concur.