■ In the Matter of KATHY SORRENTINO, Respondent, v JOHN SORRENTINO, Appellant. [611 NYS2d 357] —White, J. Appeal from an order of the Family Court of Albany County (Flaherty, H.E.), entered May 21, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify respondent's child support obligation.

The parties obtained a judgment of dissolution of their marriage from the Superior Court of California on August 27, 1985 which incorporated their marital settlement agreement. The agreement provided, *inter alia,* that respondent would pay $650 per month in child support for the parties' two children. Although she was living in New York, petitioner subsequently applied to the Superior Court of California for an increase in child support. This resulted in an order increasing respondent's monthly child support obligation to $963. By petition dated December 30, 1991, petitioner applied to Family Court for an upward modification of child support. Following a hearing, the Hearing Examiner determined that petitioner had demonstrated a change of circumstances warranting a modification and, by application of the Child Support Standards Act (hereinafter CSSA) (Family Ct Act § 413), increased respondent's monthly child support obligation to $2,064 with the additional requirement that respondent pay 68% of all uninsured health related expenses and child care expenses. On remand from Family Court the Hearing Examiner affirmed her decision, giving rise to this appeal.

Respondent first contends that petitioner failed to establish a change of circumstances warranting an increase in child support. Inasmuch as we accord due deference to the findings of a Hearing Examiner who is in the best position to hear and evaluate the evidence, as well as the credibility of the witnesses *(see, Matter of Dinkins v Mabry,* 194 AD2d 787, 788-789), and as petitioner provided specific dollar amounts of the increases in her utility bills, her food and clothing expenses and insurance premiums, there is no reason to disturb Family Court's finding that petitioner established a change of circumstances *(see, Zucker v Zucker,* 187 AD2d 507, 508-509). Moreover, the record discloses that respondent experienced a substantial improvement in his income in 1991 which is, in and of itself, a sufficient ground to sustain an increase in child support *(see, Matter of Chariff v Carl,* 191 AD2d 795, 796).

Respondent's next objection centers on the Hearing Examiner's application of the CSSA. She found, based on the parties'

combined parental income of $145,681[1] and applying the appropriate child support percentage to the combined parental income up to $80,000, that their annual basic child support obligation was $20,000 (Family Ct Act § 413 [1] [b] [3] [ii]). As respondent's income represented 68% of the combined income, his annual basic support obligation was $13,600 (or $1,133 per month) on the combined parental income up to $80,000. The Hearing Examiner also applied the statutory formula to the combined parental income that exceeded $80,000, which yielded an additional annual support obligation for respondent of $11,166 and thereby made his total annual support obligation $24,766 (or $2,064 per month).

Initially, we shall sustain the Hearing Examiner's application of the CSSA to the first $80,000 of combined income as respondent did not present sufficient proof that his pro rata share of the basic child support obligation is " 'unjust or inappropriate' " (Matter of Dinkins v Mabry, supra, at 789).

We next turn to the combined parental income in excess of $80,000. The Hearing Examiner concluded that the monthly needs of the children were $1,962.20. The Hearing Examiner determined that the application of the statutory formula to this excess income would be appropriate because the children would have enjoyed a much greater standard of living had the marriage not dissolved. She also took into consideration that petitioner's income is less than one half of respondent's income and it is doubtful that respondent will make any nonmonetary contributions to the care and well-being of the children due to the fact that he lives in California.

In our view, this was an improvident exercise of discretion as it resulted in an award from respondent that exceeds the children's actual total needs and overlooks the fact that petitioner also has a responsibility to contribute to the children's support (see, Matter of Chariff v Carl, supra, at 796). We need not remit the matter to Family Court as the children's actual needs are established in the record (compare, Matter of Holmes v Holmes, 184 AD2d 185, 188). In consideration of petitioner's substantial income, respondent's financial responsibilities and the support requirements of the children (see, Reiss v Reiss, 170 AD2d 589, 591, lv dismissed 78 NY2d 908, lv denied 79 NY2d 758), a child support payment of $200 per month for the amount of the combined parental income in excess of $80,000 is appropriate. This results in a total support

1. Petitioner's income was $47,048 and respondent's income was $98,633.

payment of $1,333,[2] which will meet approximately 68% of the children's total monthly needs.

Cardona, P. J., and Weiss, J., concur.

Casey, J. (dissenting). A review of the record convinces us that petitioner failed to meet her burden to demonstrate a change in circumstances which warrants an increase in child support. A generalized claim that children's needs have increased either because the children have matured or due to inflation is insufficient (see, Zucker v Zucker, 187 AD2d 507, 509), but evidence of specific increased expenses will support a finding of a change in circumstances warranting an increase in child support (supra, at 509; see, Matter of Adams-Eppes v Fulton, 195 AD2d 455, 456). Although petitioner provided specific dollar amounts of increases in certain expenses, the record also establishes that other expenses decreased, resulting in a net increase in petitioner's monthly expenses of approximately 5%, which is no more than would ordinarily result from inflation over the period of time involved in this case. Family Court also relied upon a $5,000 tuition expense claimed by petitioner, but the claim was based upon pure speculation as to what might or might not happen in the future.

The majority concludes that the increase in respondent's income was, in and of itself, sufficient to constitute a change in circumstances, citing Matter of Chariff v Carl (191 AD2d 795, 796). In the Chariff case, however, the noncustodial parent enjoyed a six-fold increase in income (see also, Eisen v Eisen, 48 AD2d 652 [four-fold increase]; but see, Edwards v Edwards, 62 AD2d 1027). Here, the increase in respondent's income was less than 30%. In Matter of McFarlane v McFarlane (182 AD2d 1024, 1025), we concluded that the evidence did not show the type of change in income that would be sufficient, in and of itself, to justify a modification of child support. Examination of the record in the McFarlane case discloses that the noncustodial parent's income increased about 40%. In Matter of Popp v Raitano (167 AD2d 404), the noncustodial parent's income more than doubled from one year to the next, but the Second Department held that the

---

2. Annual basic support obligation ................ $13,600
   Additional support of $200 per month ......... 2,400

   $16,000 (or $1,333 per month)

increase was "not itself determinative" of whether an upward modification of child support was warranted *(supra,* at 405).

It is our view that the *McFarlane* and *Popp* cases *(supra)* represent the general rule that an increase in child support is not warranted simply because the noncustodial parent is now making more money *(see, Matter of Tripi v Faiello,* 195 AD2d 958, *lv dismissed* 82 NY2d 803; *Matter of Rogers v Bittner,* 181 AD2d 990). The *Chariff* case is based upon an exception to the general rule which comes into play only when the magnitude of the increase in the noncustodial parent's income far exceeds that involved in this case. In the circumstances of this case, the increase in respondent's income is a factor to be considered, along with all of the other relevant factors, in determining whether an upward modification of child support is warranted *(see, Matter of Adams-Eppes v Fulton, supra,* at 456; *Matter of Popp v Raitano, supra,* at 405). Consideration must also be given to the increase in petitioner's income during the relevant time period *(see, Matter of Levy v Levy,* 193 AD2d 801, 802). Taking into account the increases in both parties' incomes, and considering the minimal increase in expenses demonstrated by petitioner, it is our view that no upward modification of child support is warranted. Accordingly, we would reverse Family Court's order and dismiss the petition.

Mercure, J., concurs. Ordered that the order is modified, on the law and the facts, without costs, by reducing respondent's monthly support obligation to $1,333, and, as so modified, affirmed.