■ In the Matter of ANN HIGBIE, Respondent, v DOUGLAS ELDER, Appellant. [615 NYS2d 924] —In a proceeding pursuant to Family Court Act article 4 for an upward modification of child support, the father appeals from an order of the Family Court, Suffolk County (Doyle, J.), dated October 14, 1992, which denied his objections to an order of the same court (Buse, H.E.), entered June 19, 1992, which, after a hearing, increased his weekly obligation for child support from the sum of $60, to the sum of $229.50, retroactive to July 27, 1991.

Ordered that the order is reversed, on the law, with costs, the appellant's objections to the order of the Hearing Examiner are sustained, the order entered June 19, 1992, is vacated, and the proceeding for upward modification of child support is dismissed.

In 1986, the parties entered into a stipulation agreement obligating the father to pay the sum of $60 per week for the support of their then eleven-year-old daughter, and relinquished all right, title and equity in the marital premises for $26,500. In or about July 1991 the mother commenced the instant proceeding seeking an upward modification of the father's child support obligation. It was alleged that the child's needs had increased substantially and that the father should be required to bear a proportionate share in accordance with the Child Support Standards Act.

We agree with the father's contention that the mother failed to meet her burden of showing an unanticipated and unreasonable change of circumstances *(see, Matter of Levy v Levy,* 193 AD2d 801; *Caristo v Caristo,* 186 AD2d 619; *Matter of Boden v Boden,* 42 NY2d 210), or that her income, and the amount contributed by the father pursuant to the stipulation, were insufficient to meet the child's increased needs *(see, Matter of Brescia v Fitts,* 56 NY2d 132; *Matter of Bernstein v Goldman,* 180 AD2d 735).

We note that no evidence was adduced with respect to the needs of the child or the relative financial circumstances of

the parties at the time of the 1986 stipulation. Although the record arguably supports the Hearing Examiner's findings that the father's income and the child's needs have increased since 1986, it also appears that the mother's income has increased. Since there is no basis to compare the relative financial circumstances of the parties at the relevant points in time, the mother failed to meet her burden of proof under the *Boden* standard.

Further, it was revealed at the hearing that the mother earned approximately $42,000 per year, and unspecified rental income. Further, a significant portion of the child's increased needs involved medical expenses, which were primarily covered by insurance which the mother obtained through her employer. Accordingly, the mother failed to meet her burden under the *Brescia* test. Thus, the petition should have been dismissed *(cf., Matter of Berg v O'Leary,* 193 AD2d 732).

In light of this determination, we do not reach the father's remaining contentions. Ritter, J. P., Pizzuto, Santucci and Altman, JJ., concur.