■ In the Matter of FELICIA HALLIDAY, Appellant, v STEVEN TADDEO, Respondent. [636 NYS2d 127] —In a proceeding pursuant to Family Court Act article 4 for an upward modification of

child support, the mother appeals from an order of the Family Court, Suffolk County (Trainor, J.), entered August 10, 1994, which denied her objections to an order of the same court (Silverman, H.E.), entered March 9, 1994, which, after a hearing, dismissed the petition.

Ordered that the order is affirmed, with costs.

The parties, who were divorced in 1988, have three children from their marriage. The oldest child, who was emancipated at the commencement of this proceeding, and the youngest child, who was born with a hearing impairment, live with the mother. The father is the custodial parent of the second child. In September of 1991, the parties amended their 1988 agreement. Pursuant to the terms of the amended agreement, the father is obligated to pay, *inter alia,* child support of $180 per month for the youngest child, and the father waived child support from the mother for the second child. In May of 1993, the mother commenced this proceeding for an upward modification of child support for the youngest child. The *mother* alleged that her expenses for the youngest child had increased as the child reached her teenage years and that the child's increased needs had been unanticipated. The mother also alleged that the parties' 1991 agreement is unfair and inequitable.

We disagree with the mother's allegation that the 1991 agreement, which was executed after lengthy negotiations, is unfair or inequitable, and we find that the mother has not met her burden of demonstrating that there was an unreasonable and unanticipated change of circumstances precipitating the youngest child's increased needs *(see, Matter of Brescia v Fitts,* 56 NY2d 132; *Matter of Boden v Boden,* 42 NY2d 210; *Matter of Higbie v Elder,* 207 AD2d 487). The mother's own witnesses testified that the youngest child's increased needs were typical and that those needs existed before the 1991 agreement was executed, less than two years before the commencement of this proceeding. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.