■ In the Matter of DEBORAH HOGAN, Respondent, v CHARLES ERIKSEN, Appellant. [643 NYS2d 685]

When one parent seeks to increase the support obligations of the children based upon their increased needs, it is not necessary to show an unanticipated and unreasonable change in circumstances because the increase is predicated on the children's

right to receive adequate support *(see, Montagnino v Montagnino,* 163 AD2d 598; *Matter of Michaels v Michaels,* 56 NY2d 924, 926; *Matter of Brescia v Fitts,* 56 NY2d 132; *Haimowitz v Gerber,* 153 AD2d 879). However, the increased support is only warranted where the movant sets forth specific increased expenses on behalf of the child as opposed to merely a general claim that the children's needs have increased as the children matured or as a result of inflation *(see, Matter of Brescia v Fitts, supra; Matter of Boden v Boden,* 42 NY2d 210; *Matter of Halliday v Taddeo,* 223 AD2d 542; *Matter of Staffanel v Staffanel,* 220 AD2d 751; *Matter of Pettey v Piko,* 215 AD2d 485; *Rocchio v Rocchio,* 213 AD2d 535; *Matter of Adams-Eppes v Fulton,* 195 AD2d 455, 456; *Zucker v Zucker,* 187 AD2d 507, 509). Increased expenses arising as a result of the mother's remarriage do not give rise to such a need *(see, e.g., Matter of Drew v Drew,* 210 AD2d 222).

Here, no proof was offered as to the increased needs of the parties' children. That the mother's new family unit was suffering financial difficulties did not satisfy her burden of proving specific increased needs of the parties' children which would warrant an increase in child support *(see, Matter of Staffanel v Staffanel, supra; Matter of Adams-Eppes v Fulton, supra; Zucker v Zucker, supra; Matter of Miller v Davis,* 176 AD2d 945). Miller, J. P., Copertino, Santucci and Altman, JJ., concur.