■ In the Matter of SARI G. LADA, Respondent, v DOUGLAS LADA, Appellant. [647 NYS2d 265] —In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Decker, J.), dated October 25, 1994, which denied his objections to an order of the same court (Bannon, H.E.), dated March 21, 1994, *inter alia,* denying his petition for a downward modification of his child support obligation and granting the mother's cross petition for payment of arrears.

Ordered that the order is affirmed, with costs.

Contrary to the father's contention, the Family Court's failure to advise him of the right to retain counsel did not deprive him of due process in the proceeding for a downward modification of support and the cross proceeding for arrears (*see,* Family Ct Act § 433 [a]). The father initiated the litigation as a *pro se* petitioner (*see, Linder v Linder,* 122 AD2d 27; *cf., Hebert v Hebert,* 149 AD2d 949; *Matter of Kirk v Kirk,* 95 AD2d 888), and it is clear from the record and from the prior legal proceedings between the parties that he was aware of his right to retain an attorney but instead elected to represent himself with regard to these matters (*see, Linder v Linder, supra; see generally, Matter of Adams-Eppes v Fulton,* 195 AD2d 455). The other purported due process violations raised by the father are factually and legally unpersuasive.

Furthermore, the Family Court did not err in using the date of the parties' divorce judgment to determine whether a change in the father's financial circumstances had occurred (*see, Rosen v Rosen,* 193 AD2d 661; *Schnoor v Schnoor,* 189 AD2d 809). In addition, the father did not establish an unforeseen and substantial change so as to warrant a reduction in his support obligation.

Similarly, we ·discern no error in the Family Court's calculation of the arrears to which the mother is entitled.

We have considered the father's remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Sullivan and Florio, JJ., concur.