■ In the Matter of CARRIE L. JONES, Appellant, v RONALD S. JONES, Respondent. [657 NYS2d 202] —In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Westchester County (Spitz, J.), entered March 1, 1996, which denied her objections to an order of the same court (Hochberg, H.E.), entered December 5, 1995, which, after a hearing, dismissed her petition for an upward modification of child support.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is granted, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith.

By order dated April 27, 1992, the father was directed to pay $618 biweekly for the support of his two children, who, despite an official joint custody arrangement, resided full-time with their mother. On June 1, 1995, the mother petitioned for an upward modification of this support order, alleging that there had been a change in circumstances because more money was needed for the food, clothing, shelter, education, and recreational interests of the parties' growing children, who were 13 and 9 years old, respectively, at the time of the hearing, and

because the father's income had increased *(see,* Family Ct Act § 461 [b] [ii]).

At the hearing, the mother appeared *pro se* and the father appeared with counsel. The mother testified and submitted documentary evidence, including receipts and cancelled checks, supporting her claims that the expenses attributable to her care of the children had increased by more than $1500 per month since 1992. Where, as here, the movant has set forth specific increased expenses, as opposed to merely a general claim that the children's needs have increased as they matured or as a result of inflation, the request for an upward modification is appropriate *(Matter of Staffanell v Staffanell,* 220 AD2d 751; *Matter of Adams-Eppes v Fulton,* 195 AD2d 455; *Zucker v Zucker,* 187 AD2d 507; *Matter of Miller v Davis,* 176 AD2d 945). In addition, the mother demonstrated that the father's income had increased significantly, with the result that he could afford to pay the needed increase *(see, e.g., Matter of Gilzinger v Stern,* 186 AD2d 652; *Matter of Popp v Raitano,* 167 AD2d 404). His current salary was approximately $100,000 a year, which was twice that of the mother.

Finally, although great weight is generally given to the determination of the Hearing Examiner *(see, e.g., Matter of Presto v Presto,* 203 AD2d 467; *Matter of Alamo v Alamo,* 168 AD2d 493), we find that the Hearing Examiner improperly credited the father's disingenuous account of his current economic condition while mischaracterizing the mother's testimony as betraying a mere desire for "luxury items". For example, the Hearing Examiner drew no adverse inference from the fact that the father had failed to produce his most recent tax returns at the hearing, although he had been expressly directed to do so several months before. Additionally, even though the father's most recent pay stub indicated that he took home $711 a week after all deductions, including child support, the Hearing Examiner credited an earlier pay stub, and mischaracterized that, finding that the father's net income was $569 every *two* weeks, as the father had testified, instead of every week, as the stub clearly reflected and as the Family Court subsequently found. The father could not explain what had happened to some 78 shares of stock that he had owned (he conjectured that he had sold them, but he could not remember when or for how much), and he acknowledged on cross-examination that he held title to certain real estate, which he had similarly neglected to enter on his financial disclosure affidavit.

The matter is therefore remitted for entry of an order applying the Child Support Standards Act Guidelines, retroactive to

June 1, 1995, the date of the petition *(see, Burns v Burns,* 84 NY2d 369; *Berge v Berge,* 159 AD2d 960; Domestic Relations Law § 236 [B] [7] [a]; § 240 [1]). Altman, J. P., Friedmann, Goldstein and Luciano, JJ., concur.