■ In the Matter of Kelly J. Cicardi, Appellant, v Denise L. Cicardi, Respondent. [700 NYS2d 285] —Peters, J. Appeals from two orders of the Family Court of Albany County (Maney, J.), entered August 7, 1997, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for modification of a prior support order.

In December 1994, an order of support was entered requiring, *inter alia,* that petitioner pay respondent $150 per week for the support of the parties' two children, Nicole (born in 1984) and Amanda (born in 1989). Payment thereunder was suspended in January 1995 pursuant to a temporary order. Further petitions emanating from the underlying support order were withdrawn by consent in June 1995, awaiting information regarding petitioner's claim for workers' compensation benefits as well as a medical diagnosis to support his allegation of total disability. It was agreed that any award resulting from a refiling of these petitions would be retroactive to October 1994—the date upon which petitioner was allegedly disabled. Continuing the orders of December 1994 and January 1995 for accrual but not enforcement purposes, Family Court issued an order entered June 12, 1996 which reinstated[1] the June 1995 temporary order.

Petitioner, proceeding *pro se*, initiated the instant modification proceeding to vacate by alleging a permanent disability, all accrued arrearages and all obligations of support emanating from the orders dated December 5, 1995[2] and January 27, 1995. Respondent opposed and cross-petitioned for an award of 25% of a lump-sum Social Security payment petitioner was scheduled to receive and a portion of his future monthly disability payments.

Shortly before the scheduled hearing, petitioner, alleging bias, unsuccessfully sought a recusal of the Trial Judge. At the

---

1. The record fails to reveal when this order had been vacated or suspended such as to necessitate its reinstatement.

2. It appears that petitioner incorrectly designated the original support order of December 5, 1994.

hearing, petitioner unsuccessfully requested the assignment of counsel. Upon the close of all proof, Family Court found that petitioner had not sustained his burden of demonstrating a change in circumstances, resulting in the termination of the June 1996 order and a finding that the arrearages totaled approximately $19,600. Two separate orders reflecting its decision were entered.[3] Petitioner appeals.

We find that Family Court properly refused petitioner's request for appointment of counsel (*see*, Family Ct Act § 262; *Matter of Hickland v Hickland*, 56 AD2d 978, 980). Petitioner was cognizant of his right to retain counsel (*see*, *Matter of Lada v Lada*, 231 AD2d 521, *lv denied* 89 NY2d 805; *Linder v Linder*, 122 AD2d 27) but did not do so. Concerning the denial of petitioner's motion for recusal, we find no viable contentions of error (*see*, *Matter of Murphy*, 82 NY2d 491; *Matter of Joshua O.*, 227 AD2d 695; *Matter of Schwartz v Schwartz*, 144 AD2d 857, *lv denied* 74 NY2d 604).

We next address the order of preclusion entered against petitioner for his violation of the scheduling order. Concerning the evidence precluded, there appears to be no contention that petitioner was prepared to call witnesses who could have authenticated or laid a proper foundation for the admission of these exhibits; instead, he chose to call only respondent in addition to testifying on his own behalf. Recognizing that trial courts exercise broad discretion in this area (*see*, CPLR 3126; *Rankin v Miller*, 252 AD2d 863, 864), we find no abuse of such discretion by Family Court here.

In reviewing petitioner's contention that his full disability constituted a substantial change in financial circumstances which necessitated the downward modification of the original support order, we agree with Family Court that no competent medical evidence established this claim (*see*, *Matter of Bosshold v Bryant-Bosshold*, 243 AD2d 857, 858; *Matter of Reed v Reed*, 240 AD2d 951, 952). Further, we wholly reject his contention that his *pro se* status affected his requisite burden (*see*, *Duffen v State of New York*, 245 AD2d 653, 653-654, *lv denied* 91 NY2d 810). Petitioner's failure of proof coupled with his admission that he made no efforts to retrain himself for other work and had, on one particular day, "consult[ed]" at a construction site during the time that he was totally disabled, ends the inquiry (*see*, *Matter of Zevotek v Zevotek*, 257 AD2d

---

**3.** In connection with this matter, we affirmed an order of Family Court (*see*, 263 AD2d 686) settling the record and striking certain material that was determined not to bear upon the issue of whether petitioner had made a prima facie case entitling him to a downward modification.

888; *Matter of Lutsic v Lutsic*, 245 AD2d 637, 638; *Matter of Greenier v Breason*, 251 AD2d 703).

Having further reviewed and rejected petitioner's remaining contentions, we affirm the orders of Family Court.

Mikoll, J. P., Mercure, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the orders are affirmed, without costs.