■ In the Matter of GENEVIEVE CADWELL, Respondent, v EARL CADWELL, Appellant. [742 NYS2d 108] —In a support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from stated portions of an order of the Family Court, Queens County (Salinitro, J.), dated February 6, 2001, which denied his objections to an order of the same court (Clark, H.E.), dated October 3, 2000, which, inter alia, granted that branch of the mother's petition which was to increase his child support obligation to the extent of increasing his obligation from $150 per week to $174 per week, and directed him to pay $42,675 in child support and maintenance arrears.

Ordered that the order is modified by deleting the provision thereof denying the father's objection to so much of the order dated October 3, 2000, as granted that branch of the mother's petition which was to increase his child support obligation to the extent of increasing his obligation from $150 per week to $174 per week and substituting a provision therefor sustaining that objection and denying that branch of the petition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

A party seeking an increase in the child support obligation of

the noncustodial parent has the burden of establishing that there has been a change in circumstances warranting such an increase (*see* Family Ct Act § 461 [b] [ii]; *Matter of Michaels v Michaels,* 56 NY2d 924; *Spier v Spier,* 228 AD2d 661; *Matter of Miller v Davis,* 176 AD2d 945). In meeting this burden, the party must establish the "specific increases in the costs related to the child's basic necessities of food, shelter, clothing and medical and dental needs, as well as to the expenses associated with the child's varied interests and school activities" and cannot "[rely] on generalized claims of increases due to the child's maturity or inflation" (*Matter of Miller v Davis, supra* at 945-946; *see Matter of Jones v Jones,* 239 AD2d 419 [increase justified when mother testified and submitted documentary evidence, including receipts and cancelled checks, supporting her claims that the children's expenses had increased by more than $1,500 per month]; *Matter of Staffanell v Staffanell,* 220 AD2d 751; *Zucker v Zucker,* 187 AD2d 507 [increase justified when mother testified that she incurred specific increased expenses related to, inter alia, music lessons, karate lessons, football, Hebrew school, bar mitzvah lessons, and summer camp—and testified as to the dollar amount of the increase for each of those items]).

The mother's testimony consisted of general allegations that her expenses had doubled in the four years since the entry of the parties' judgment of divorce. The vague allegations regarding the effect of inflation and the children's maturity were insufficient to meet her burden.

The father's remaining contentions are unpreserved for appellate review and, in any event, are without merit because he failed to establish any denial of visitation that could support a suspension of his child support and maintenance obligations (*see Biamby v Biamby,* 114 AD2d 830; *Courten v Courten,* 92 AD2d 579; *Abraham v Abraham,* 44 AD2d 675), and the Family Court is powerless to cancel or reduce any accumulated arrears (*see* Family Ct Act § 451; *Matter of Dox v Tynon,* 90 NY2d 166). Ritter, J.P., Feuerstein, Luciano and Adams, JJ., concur.