■ IMELDA WEILL, Respondent, v WALTER WEILL, Appellant. [794 NYS2d 106]—

In a matrimonial action in which the parties were divorced by a judgment entered October 3, 2001, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Friedenberg, J.H.O.), entered September 8, 2003, as, after a hearing, denied his motion for upward modification of child support.

Ordered that the order is affirmed insofar as appealed from, with costs.

Where a party seeks to modify the child support provision contained in a prior order or judgment, he or she must demonstrate a substantial change in circumstances (see Domestic Relations Law 236 [B] [9] [b]; Love v Love, 303 AD2d 756 [2003]; Weiss v Weiss, 294 AD2d 566 [2002]). Among the factors to be considered in determining whether there has been a substantial change in circumstances are "the increased needs of the children due to special circumstances or to the additional activities of growing children . . . , the increased cost of living insofar as it results in greater expenses for the children . . . , a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent . . . , and the current and

prior life-styles of the children" (*Matter of Brescia v Fitts*, 56 NY2d 132, 141 [1982]).

The defendant failed to show a substantial change in circumstances. He offered only generalized testimony that the child's needs increased because she was older (*see Cadwell v Cadwell*, 294 AD2d 434 [2002]; *DeCarlo v DeCarlo*, 250 AD2d 848 [1998]; *cf. Jones v Jones*, 239 AD2d 419 [1997]). Although the plaintiff's income increased, that factor alone was not determinative in deciding whether to grant an upward modification (*see Love v Love, supra; Matter of Rosenthal v Buck*, 281 AD2d 909 [2001]). Adams, J.P., Ritter, Mastro and Rivera, JJ., concur.