■ In the Matter of KEVIN RADDAY, Appellant, v MARGARET McLOUGHLIN, Respondent. [965 NYS2d 355]—

In a child support proceeding pursuant to Family Court article 4, the father appeals from an order of the Family Court, Orange County (Kiedaisch, J.), entered May 15, 2012, which granted the mother's objections to an order of the same court (Krahulik, S.M.), entered February 15, 2012, which, after a hearing, granted the father's petition for upward modification of child support, and vacated the order dated February 15, 2012.

Ordered that the order entered May 15, 2012, is affirmed, without costs or disbursements.

In an order dated September 5, 2008, the mother was directed to pay child support in the sum of $195, biweekly, plus 23% of unreimbursed health-related expenses for the children. Postsecondary-school educational expenses were covered by a separate stipulation between the parties.

In August 2010, the father petitioned for upward modification of the mother's child support obligation set forth in the order dated September 5, 2008, based upon the mother's increased income, and the children's increased expenses. In an order entered February 15, 2012, the Support Magistrate, after a hearing, granted the petition, and, inter alia, increased the mother's child support obligation to $848 per month. Upon the mother's objections, the Family Court vacated the order entered February 15, 2012, and reinstated the order dated September 5, 2008. The father appeals.

A party may seek modification of a child support order by

demonstrating a substantial change in circumstances, as determined by the best interests of the children (*see Matter of Ngo v Quach*, 101 AD3d 1011 [2012]). The party seeking upward modification must establish specific increases in the costs relating to the children's needs, and may not rely on generalized claims of increases due to their maturity or due to inflation (*see Weill v Weill*, 17 AD3d 666, 667 [2005]; *Matter of Cadwell v Cadwell*, 294 AD2d 434, 435 [2002]). Here, the father failed to support his general assertions that the children's expenses had substantially increased. Accordingly, the mother's objections to the order entered February 15, 2012, granting the father's petition for upward modification of child support, were properly granted. Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.