Matter of Diaz v Smatkitboriharn (2018 NY Slip Op 01186)





Matter of Diaz v Smatkitboriharn


2018 NY Slip Op 01186


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-00178
 (Docket No. F-15223-15/15A)

[*1]In the Matter of Catherine M. Diaz, respondent,
v
Kris Smatkitboriharn, appellant.


Janet L. Brown, Jamaica, NY, for appellant.
Yitzhak & Epstein P.C., Great Neck, NY (Erica T. Yitzhak of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Family Court, Queens County (John M. Hunt, J.), dated November 23, 2016. The order denied the father's objections to an order of that court (Sudeep Kaur, S.M.), dated August 24, 2016, which, after a hearing, granted the mother's petition for an upward modification of the father's child support obligation and to direct the father to pay child support arrears.
ORDERED that the order dated November 23, 2016, is affirmed, without costs or disbursements.
The parties were married on September 14, 2007, and divorced by a judgment of divorce dated October 28, 2011. They have three children together. Pursuant to the terms of a stipulation of settlement dated March 25, 2011, which was incorporated but not merged into the judgment of divorce, the father was directed to pay the sum of $200 per month for child support. In August 2015, the mother filed a petition for an upward modification of the father's child support obligation and to direct the father to pay child support arrears for the period of January 2012 to August 2015. Following a hearing, at which the father represented himself, in an order dated August 24, 2016, the Support Magistrate granted the mother's petition in its entirety. Thereafter, the father filed timely objections to the Support Magistrate's order, which the Family Court denied in an order dated November 23, 2016. The father appeals from the order dated November 23, 2016.
The father's contention that the mother failed to demonstrate a substantial change in circumstances sufficient to warrant an upward modification of his child support obligation is not properly before this Court, as it was not raised in his objections to the Support Magistrate's order (see Matter of Daily v Govan, 136 AD3d 1029, 1031; Matter of Worner v Gavin, 134 AD3d 1043). In any event, his contention is without merit.
Since the parties' stipulation of settlement, which set forth the father's child support obligation, was executed after the effective date of the 2010 amendments to Family Court Act § 451, in order to establish an entitlement to an upward modification, the mother had the burden of demonstrating "a substantial change in circumstances" (Family Ct Act § 451[3][a]; see Matter of Lagani v Li, 131 AD3d 1246, 1247-1248; Matter of Pepe v Pepe, 128 AD3d 831, 834). "Among the factors to be considered in determining whether there has been a change in circumstances warranting an upward modification of support are the increased needs of the children, the increased [*2]cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children'" (McMahon v McMahon, 19 AD3d 464, 464-465, quoting Shedd v Shedd, 277 AD2d 917, 918; see Matter of Baumgardner v Baumgardner, 126 AD3d 895, 897). " [T]he [custodial parent's] financial status is also a proper consideration'" (Matter of Green v Silver, 96 AD3d 843, 845, quoting Matter of Boden v Boden, 42 NY2d 210, 212).
Here, the mother presented uncontroverted testimony and other evidence as to specific expenses related to the care of the children, including specific increased expenses related to the children's extracurricular activities. In addition, she submitted her 2015 income tax return, which, together with her testimony and financial disclosure affidavit, revealed that even with the father's $200 child support contribution, the mother was financially unable to meet the needs of the children. The father failed to provide complete and credible financial information. Under these circumstances, the Support Magistrate properly concluded that there was a substantial change in circumstances which warranted a modification of the existing order of support (see Matter of Anderson v Anderson, 92 AD3d 779, 780; Matter of Ryan v Levine, 80 AD3d 767, 767).
Contrary to the father's contention, he was not deprived of the right to counsel. The father did not have a right to assigned counsel in this support proceeding (see Family Ct Act § 262[a]; Matter of Nicotra v Nicotra, 139 AD3d 1070; Matter of Lada v Lada, 231 AD2d 521), and the record establishes that the father was advised of his right to retain counsel but instead elected to represent himself with regard to this proceeding (see Family Ct Act § 433[a]; Matter of Lada v Lada, 231 AD2d 521). Moreover, since the father chose to represent himself at the hearing, the resultant award will not be set aside due to the alleged inadequacy of that self-representation (see Matter of Adams-Eppes v Fulton, 195 AD2d 455; Linder v Linder, 122 AD2d 27).
The father's remaining contentions are without merit.
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court